## COMMONWEALTH MORTGAGE CO. v. CARRUTH.

(Supreme Court, Appellate Division, First Department. December, 3, 1909.)

1. LANDLORD AND TENANT (§ 308*)—FORECLOSURE—DISPOSSESSION OF TENANT.
   Where, in dispossession proceedings by a purchaser of property on mortgage foreclosure, defendant claimed under an alleged lease for three years and rent paid to the mortgagor for the full time in advance, the burden was on defendant to prove such payment by clear and convincing evidence.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1314; Dec. Dig. § 308.*]

2. LANDLORD AND TENANT (§ 308*)—RENT—PAYMENT IN ADVANCE—EVIDENCE.
   In summary proceedings by a purchaser of property in mortgage foreclosure proceedings, evidence held insufficient to establish payment of rent by the tenant in advance.

   [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 308.*]

Appeal from Appellate Term.

Action by the Commonwealth Mortgage Company against Charles R. Carruth. From a determination of the Appellate Term (62 Misc. Rep. 639, 115 N. Y. Supp. 1090), reversing a Municipal Court order in favor of plaintiff in summary dispossession proceedings, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Alfred B. Cruikshank, for appellant.
Benjamin W. Moore, for respondent.

SCOTT, J. Appeal from the determination of the Appellate Term, affirming a final order of the Municipal Court in a summary proceeding. The legal questions involved in the present case are the same that are considered in the case by this appellant against Samuel De Waltoff (decided herewith) 119 N. Y. Supp. 781.

The lease involved herein was for three years, at $1,000 a year, and the tenant claims to have paid the whole rent for the full term in advance. Although the justice of the Municipal Court found that the defense of payment had been established, the evidence to sustain it is most unsatisfactory. The tenant claims to have paid $500 in cash. This may well be true, but that amount would have been more than eaten up before the present landlord demanded rent of him. The remaining $2,500 the tenant claims to have paid by rendering professional services, or receipting for such services already rendered. To establish such a defense, in a case surrounded by such circumstances as surround the present case, the evidence of the services claimed to have been rendered and their value should be clearly shown. It is not sufficient that the mortgagor receipted for the amount. The tenant's evidence as to the nature and extent of the services was vague and unsatisfactory, and there was no evidence whatever as to their value, or from which the court could estimate their value. The burden

of proving prepayment rests upon the tenant, and the proof should be clear and convincing.

The determination of the Appellate Term and the final order of the Municipal Court must be reversed, and a new trial granted, with costs in this court and the Appellate Term to abide the event. All concur.

