### COMMONWEALTH MORTGAGE CO. v. DE WALTOFF.

(Supreme Court, Appellate Division, First Department. December, 3, 1909.)

1. LANDLORD AND TENANT (§ 15*)—"ATTORNMENT."

"Attornment," at common law, was the acknowledgment by a tenant of a new landlord on the alienation of land and an agreement to become the tenant of the purchaser. It could take place only when the land was alienated after the execution of the lease, so that prior to St. 32 Hen. VIII, c. 34, the assignee of the reversion could not sue on a covenant in the lease, though the covenant ran with the land, unless the tenant had attorned to the assignee. Attornment, however, is not necessary to enable a grantee of the mortgaged premises to maintain actions against tenants' in New York under Real Property Law (Consol. Laws, c. 50) § 223, authorizing the grantee of leased real property, or of a reversion, or of any rent thereof, etc., to enforce the same remedies as are allowed to his grantor or lessor.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 13–16; Dec. Dig. § 15.*

For other definitions, see Words and Phrases, vol. 1, pp. 636–637.]

2. MORTGAGES (§ 534*)—SALE OF LEASED PROPERTY—RIGHTS OF PURCHASER.

A purchaser of real property at foreclosure sale acquires all the right and interest of the mortgagor, subject to valid liens not cut off by the foreclosure, being in legal effect the grantee of the reversion and authorized by Real Property Law (Consol. Laws, c. 50) § 223, to maintain any

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

action against lessees which could have been maintained by the mortgagor or lessor.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1555; Dec. Dig. 534.*]

3. MORTGAGES (§ 544*)—FORECLOSURE—PARTIES—LEASES—WRIT OF ASSIST-ANCE.

Where a subsequent lessee of mortgaged premises is made a party in foreclosure, the lease will be annulled by the decree, and the relation of landlord and tenant will not be created between the purchaser and the lessee, who is removable by writ of assistance, and not by summary proceedings.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1573, 1575; Dec. Dig. § 544.*]

Appeal from Appellate Term.

Action by the Commonwealth Mortgage Company against Samuel A. De Waltoff. From a determination of the Appellate Term, reversing a Municipal Court judgment for plaintiff in summary dispossession proceedings (62 Misc. Rep. 639, 115 N. Y. Supp. 1090), plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Alfred B. Cruikshank, for appellant.
Benjamin W. Moore, for respondent.

SCOTT, J. The plaintiff appeals from a judgment of the Appellate Term, reversing a final order of the Municipal Court in summary proceedings. The real property from which it is sought to dispossess the respondent consists of an apartment in an apartment house. The property was mortgaged to the present landlord in June, 1905, by the Rutland Realty Company, of which the respondent was president. On October 31, 1907, a foreclosure action was begun by the present landlord, as mortgagee, in the course of which, and on April 2, 1908, a receiver was appointed. The premises were sold under foreclosure, and on October 1, 1908, the present landlord received the referee's deed and became the owner of the property. The respondent then occupied, as he had done for about a year, an apartment for which he claimed to hold a lease, which was dated October 1, 1907, made by the Rutland Realty Company, by himself as its president, to one M. S. A. Wilson for a term of three years from its date. The rent is fixed at $1,800 for the full term, and the lease recites that the lessee has paid the entire rent in advance. Wilson, by an instrument purporting to have been executed on October 10, 1907, assigned this lease to the present respondent. The Municipal Court made a final order directing a warrant of dispossession to issue. This order has been reversed by the Appellate Term, and its reversal is now sought to be sustained upon the ground that the appellant never attorned to the present owner of the property, and consequently that the conventional relation of landlord and tenant, necessary to sustain summary proceedings, does not exist.

Although the word "attornment" is still occasionally used in judicial opinions, it is very doubtful whether the thing itself, in the sense

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in which it existed at common law, survives in this state. It certainly has no application to a case like the present. Attornment, at common law, was the acknowledgment by a tenant of a new landlord on the alienation of land and an agreement to become the tenant of the purchaser. It could take place only when the land was alienated after the execution of the lease. Cornish v. Searell, 8 B. & C. 471. Hence, prior to the enactment of St. 32 Hen. VIII, c. 34, the assignee of the reversion could not maintain an action upon a covenant in the lease, even if the covenant ran with the land, unless the tenant attorned to the assignee and accepted him as landlord. To remedy this the statute above cited was enacted, giving generally to the assignee of the reversion the same rights of action that the original lessor had upon the covenants in the lease. Such a statute has long been in force in this state, now constituting section 223 of the real property law (chapter 52, p. 19, Laws 1909 [Consol. Laws, c. 50]) which provides that:

"The grantee of leased real property, or of a reversion thereof, or of any rent, the devisee or assignee of the lessor of such a lease, or the heir or personal representative of either of them has the same remedies by entry, action or otherwise, for the nonperformance of any agreement contained in the assigned lease for the recovery of rent, for the doing of any waste or for other causes of forfeiture as his grantor or lessor had, or would have had if the reversion had remained in him."

The purchaser at a foreclosure sale of real property acquires all the right, title, and interest of the mortgagor, subject to such valid liens and incumbrances as have not been cut off by the foreclosure. He is in legal effect the grantee of the reversion, and entitled to pursue any remedies that the mortgagor might have pursued if he had continued to be the owner. If the respondent had been made a party to the foreclosure action, his lease, being subsequent and subordinate to the mortgage, would have been annulled, and his continuance in possession would have been unlawful. In that case the relation of landlord and tenant would not have been created between him and the purchaser (unless a new agreement were made), and summary proceedings could not have been resorted to. Greene v. Geiger, 46 App. Div. 210, 61 N. Y. Supp. 524. The purchaser's remedy in that case would have been to apply for a writ of assistance.

Here, however, the respondent was not made a party to the foreclosure action, and his lease is unaffected thereby. But the purchaser, succeeding to all the title and rights of the original landlord, becomes the landlord by operation of law, with all the rights and remedies of the original landlord. The conventional relation of landlord and tenant is thus created, and a sufficient foundation exists for the institution of summary proceedings for the recovery of possession, if the tenant refuses to abide by the covenants of his lease. The justice of the Municipal Court found, for reasons very satisfactorily stated by him, that the respondent's defense that he had paid the rent for the nonpayment of which it was sought to dispossess him was not established. With his conclusion we entirely agree.

It follows that the determination of the Appellate Term must be reversed, and the final order of the Municipal Court affirmed, with costs to the appellant in this court and the Appellate Term. All concur.