Joseph Life, J.
Plaintiff’s motion for summary judgment in this foreclosure action is denied without prejudice to a renewal after the tenants of the subject property are joined as defendants in this action.
Plaintiff has waived its claim for late charges. Defendant Gloucester Equities, Inc., has withdrawn its "defense” based upon the $40,000 advance on November 16, 1972.
The remaining issue is Gloucester’s defense of failure to name necessary party defendants, i.e., tenants whose leases were entered into after the mortgage sought to be foreclosed, contain restrictive covenants prohibiting the owner from leasing to anyone other than doctors.
*812 "Defendants may insist on the joinder of every person having any interest in or claim to the property, since a failure to cut off such interest or claim would affect the value of the property in the estimation of any bidder at the foreclosure sale, and necessarily would bear on any liability for a deficiency or any claim to surplus moneys arising on the sale” (14 Carmody-Wait 2d, § 92:88, p 713).
Section 1311 of the Real Property Actions and Proceedings Law provides in pertinent part that "[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the curtesy, or for years” are necessary defendants and "shall be made a party defendant to the action”. In fact, "the person in possession at the time of the commencement of the action should always be made a party in foreclosure, no matter how or under what circumstances he came into possession” (14 Carmody-Wait 2d, § 92:103, p 732). In addition, the failure to name the tenants as party defendants may have an adverse effect on the value of the property at the foreclosure sale. In the best interests of the defendant the tenants should be joined as parties defendant.
Plaintiff is directed to take the appropriate steps to add the present tenants as parties defendant within 30 days after entry of the order made on this decision.