**In re Elio C. BELLUCCI, Debtor.**

**Eugene PARENTEAU, Eva Parento, Plaintiffs,**

v.

**Elio C. BELLUCCI, Mary Bellucci, Defendants.**

Bankruptcy No. 4–80–00213–G. Adv. No. 4–81–0055.

United States Bankruptcy Court, D. Massachusetts.

March 25, 1981.

Robert Gelinas, Springfield, Mass., for plaintiffs.

Michael Katz, Springfield, Mass., trustee.

Douglas Winniman, Springfield, Mass., for Mary Bellucci.

## MEMORANDUM AND ORDER ON MOTION TO REMAND

PAUL W. GLENNON, Bankruptcy Judge.

There was filed on April 14, 1980 an involuntary petition in bankruptcy on behalf of certain creditors of Elio Bellucci (the bankrupt), and an Order for Relief was entered April 28, 1980. The bankrupt is a former attorney who is currently incarcerated at the Hampshire County House of Correction after pleading guilty to numerous counts of larceny from former clients. The instant case involves two of those former clients and a civil action filed by them in February, 1980 against the bankrupt and his wife alleging a fraudulent conspiracy between them. A judgment was entered by default in that state court proceeding against Mary Bellucci for her willful failure to appear at a deposition. The Parenteaus are now seeking to levy upon an attachment they had placed upon the family residence, which residence stood in the name of Mary Bellucci, individually. The trustee in bankruptcy has filed with the court a request to remove the state court action to the bankruptcy court. In response, the Parenteaus have filed a Motion to Remand, which is the proper form for objecting to the request for removal. Essentially, this is a question of the bankruptcy court's jurisdiction.

At the outset, I would like to point out that the trustee has not challenged the validity of the state court judgment except to say that it was not entered on the merits. Secondly, he has not requested that the bankruptcy court set aside that judgment

or declare it void. The crux of the matter involves the Parenteaus' attempt to collect on their judgment against the family residence. The trustee has claimed an equitable as well as a legal interest in that property on behalf of the bankrupt's estate. The Parenteaus argue on the other hand that their judgment was as to a non-bankrupt, and that their collection efforts are against property which stands in her name alone, and therefore places the matter beyond the jurisdiction of the court. They also have challenged the form and timeliness of the trustee's removal request by pointing out that it was filed without the required verification, contains material misrepresentations, and was filed 7 months after the Order for Relief, and therefore is late.

■ Turning first to the technical objections, the applicable removal requirements are found in Local Interim Bankruptcy Rule 7004 (as adopted in this District October 2, 1979). Subsection (a) thereof requires that a *"verified"* application be filed. The Parenteaus point out that the trustee's request was initially defective in this respect and that it contained material misrepresentation as a result. The trustee has subsequently filed a motion to amend his request to include such verification, without any change in the content of the request. Because the language of Rule 7004(a) tracks very closely the language of 28 U.S.C. § 1446(a), which governs the procedure for removal to the federal district courts, I believe the bankruptcy court can properly look to decisions cited under that statute for guidance. *In re McCallum*, 7 B.R. 76 (Bkrtcy.C.D.Cal.1980). The weight of authority is that the failure to verify a request for removal is not fatal if it can be cured promptly and without further amendment to the substantive portions of the request. See, for example, *Nelson v. Peter Kiewit Sons' Company*, 130 F.Supp. 59 (D.N.J.1955), *Henlopen Hotel Corporation v. Aetna Insurance Company*, 213 F.Supp. 320 (D.Del.1963). The trustee has moved to amend his request without further substantive changes and I would allow his motion to amend, thereby curing any defect on that basis. Further, those portions of the re-

quest which the Parenteaus have challenged as being materially misrepresented I find to be of no significance to the issue at hand and have no bearing upon my decision, at this time. Finally, the challenge to the timeliness of the trustee's request I find to be wholly without merit. Subsection (a)(3) of Rule 7004 provides that the time for filing a request for removal by any party in a civil action not within the bankruptcy court's jurisdiction when initiated, is any time after an order for relief. The within complaint was filed more than two months *prior* to the order for relief, bringing it within the purview of Rule 7004(a)(3). It matters not that the trustee was not a party in the state court suit, since it is clear that as that suit might affect property of the estate, he is a party in interest. Therefore, I do find that trustee's request to be in the proper form and timely filed for purposes of a decision, now, on the merits of each party's claim.

■ Section 1471(e) of Title 28 to the United States Code provides:

The bankruptcy court in which a case under Title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.

This change effected by the new Chapter 90 of Title 28 "leaves no doubt as to the jurisdictional reach of the bankruptcy court over property". *Collier on Bankruptcy*, Vol. 1, ¶ 3.01(g) (15th Edition 1979). It is clear that the bankruptcy court is the exclusive forum for a determination of the rights of adverse interests in property of the debtor. Furthermore, a determination of what is or is not property of the debtor has always been a major function of the bankruptcy court. In this case, the trustee seeks to have adjudicated his claim to an interest in certain property standing in the name of Mary Bellucci. Although the plaintiffs argue strenuously that this court has no jurisdiction to hear the case, the plain truth is that this court has exclusive jurisdiction to hear this case. I concede that the bankruptcy court has no jurisdiction over, nor

interest in, Mary Bellucci personally. I am not concerned here with the merits of the plaintiffs' lawsuit or judgment against her. Her unwillingness to defend a suit brought by the plaintiffs, and her subsequent liability upon the entry of a default judgment, does not concern the bankruptcy court, since it does not materially affect the bankrupt or his property. Therefore, I am willing to grant the plaintiffs' motion to remand insofar as the state court judgment is concerned. The bankruptcy court is not a court of appellate review for state court decisions, nor do I intend to extend this court's jurisdiction to a person (Mary Bellucci) who is not properly before it. *In re Greco*, 3 B.R. 18 (Bkrtcy., D. Hawaii 1979).

■ However, the determination of the trustee's interest in property standing in Mary Bellucci's name is properly the subject of this court's legal and equitable power and, therefore, I will deny the plaintiff's motion insofar as the plaintiffs seek to satisfy their judgment out of that property. The interests of judicial economy as well as sound legal reasoning compel this conclusion. For it is clear, that if the entire proceedings were remanded to the state court, the plaintiffs would seek to levy upon the property in accordance with their attachment, the trustee would, most likely, file a complaint to compel turnover pursuant to 11 U.S.C. § 542, claiming an interest for the estate, as he does here, and the matter would then be back before me in much the same posture that it is now. While I do not profess to be a fortune teller, this would appear to be a most likely and foreseeable scenario. Indeed, the trustee, based on what he asserts at this time, might be considered remiss for failing to pursue such a course of action. Thus, the interest of judicial economy requires keeping before the court those matters which are the exclusive province of the bankruptcy court, and remanding those matters which do not concern the bankrupt or his estate. See, *In re Calabria*, 5 B.R. 73 (Bkrtcy., D.Conn. 1980). Therefore, the bankruptcy court is not concerned that the plaintiffs, because they have obtained a default judgment against Mary Bellucci, might receive a greater recovery on their debt than if they had proceeded through the bankruptcy court. Even though the judgment was not on the merits, the liability of Mary Bellucci, and the Parenteaus recovery thereon, is of no concern to the bankruptcy court. The court is only concerned with a pro rata distribution of the *debtor's* assets to his creditors. If his creditors can effect recovery of their debts from some other source unrelated to the bankruptcy proceeding, this court is not concerned. For it is only the fair distribution of *estate* assets, and what those assets are which concerns me now.

Therefore, in accordance with this memorandum it is hereby ORDERED that,

The Complaint of Eugene and Eva Parenteau against Mary Bellucci be remanded to the state court for any further proceedings therein, and

It is further ORDERED that, the property standing in Mary Bellucci's name upon which Eugene and Eva Parenteau have filed an attachment shall remain subject to the bankruptcy court's jurisdiction and the power of the automatic stay pursuant to 11 U.S.C. § 362(a), pending this court's findings with respect to the relative claims against that property by the trustee and the plaintiffs, herein, and

Finally, it is ORDERED, that as the state court proceeding referred to above applies to the bankrupt, Elio Bellucci, the motion to remand is denied and any and all further proceedings upon that suit shall be conducted before this court and in accordance with applicable law.