In re Geneva LEWIS, Debtor.

Milton FIELDS, Plaintiff,

v.

Geneva LEWIS and Leonard Goldberger, Trustee, Defendants.

Bankruptcy No. 81–01004G.
Adv. No. 81–0861G.

United States Bankruptcy Court,
E. D. Pennsylvania.

Dec. 8, 1981.

Philip A. Liss, Philadelphia, Pa., for plaintiff, Milton Fields.

Irwin Trauss and David Sambolin, Community Legal Services, Inc., Philadelphia, Pa., for debtor/defendant, Geneva Lewis.

Leonard Goldberger, Philadelphia, Pa., trustee under chapter 7 case.

James J. O'Connell, Philadelphia, Pa., trustee under chapter 13 case.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented herein is whether the automatic stay provisions of § 362(a) of the Bankruptcy Code ("the Code") apply to prevent a landlord from continuing with eviction proceedings against a debtor who remains in possession of premises where the landlord asserts (but the debtor denies) that the lease for those premises terminated before the debtor filed her petition for relief under the Code. We conclude that the automatic stay provisions do apply in such a situation to protect the debtor's right of possession and, therefore, the landlord must obtain a modification from the stay before he may continue with eviction proceedings.

The facts of the instant case are as follows:[1] In December, 1979, Milton Fields ("the landlord") and Geneva Lewis ("the debtor") entered into a month-to-month oral lease agreement for the premises located at 2248 West Master Street, Philadelphia, Pennsylvania. Beginning in August, 1980, the debtor failed to make the required monthly rental payments to the landlord.[2] The landlord thereupon notified the debtor that the lease was terminated and began proceedings in the state court to evict the debtor from the premises. Before the landlord was able to evict the debtor, however, she filed a petition for relief under chapter 7 of the Code.[3] Thereafter, the landlord filed a complaint for relief from the stay to permit him to proceed to regain possession of the premises. At the trial held on that complaint the landlord asserted that he did not have to seek relief from the stay because the stay did not apply in light of the fact that the lease had terminated prior to the debtor's filing under the Code.

 Without deciding whether the lease in the instant case was terminated prior to the debtor's filing,[4] we conclude that, even if that lease had been terminated, the automatic stay provisions of the Code restrain the landlord from taking any action to recover the leased premises. Therefore, the landlord must establish that he is entitled to relief from the stay pursuant to § 362(d). We base this conclusion on the specific language of § 362(a) of the Code.

Section 362(a)(1) provides a stay of

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

In the case before us, the landlord instituted judicial proceedings in the state courts to obtain possession of the premises pursuant to the Pennsylvania Landlord Tenant Act of 1951, *as amended* by Pa.Stat.Ann. tit. 68, §§ 250.501–250.512 (Purdon), and it is those proceedings which the landlord seeks to continue. We conclude that § 362(a)(1) prevents him from continuing those judicial proceedings without first seeking relief from the bankruptcy court. *Accord, In re Mimi's of Atlanta, Inc.*, 5 B.R. 623, 6 B.C.D. 807, 2 C.B.C.2d 805 (Bkrtcy.N.D.Ga.1980).

Furthermore, § 362(a)(2) provides a stay of—

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title.

In the case at bench, the landlord is seeking to enforce a pre-petition judgment for possession which he obtained in the state courts against property of the estate. The landlord asserts, however, that the premises are not property of the estate because the lease had terminated (a disputed issue) and the debtor had, therefore, lost all interest in the premises before the debtor filed her petition for relief. We disagree. Even assuming that the lease had terminated prior to the date of filing, we conclude that the debtor still retained an interest in the premises. Firstly, the debtor was still in possession of those premises on the date of filing

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Although the debtor admits that she failed to make certain of the rental payments, she asserts that she was not required to make those payments because the landlord and premises were in violation of the Philadelphia Housing Code. As a result of those alleged violations, the debtor asserts she is required only to pay the fair market value of the premises, which she asserts is $40.00 per month. The debtor

asserts further that she has established a rent escrow account for the landlord in the amount of $200.00.

3. The debtor has subsequently converted her case to a case under chapter 13 of the Code.

4. The debtor asserts that the lease has not terminated for failure to pay rent, because she has been making payments to a rent escrow fund as permitted under state law. *See* note 2 *supra*.

and, therefore, had at least a possessory interest therein. Secondly, under Pennsylvania law, the debtor had a right to prevent the repossession of those premises by the payment of the rent due. *See* Pa.Stat.Ann. tit. 68, § 250.504 (Purdon). Furthermore, the definition of "property of the estate" contained in the Code[5] is broad enough to include the above interests of the debtor in those premises. Consequently, the action contemplated by the landlord to regain possession of the premises is action against property of the estate. *See, e. g., In re Acorn Investments*, 8 B.R. 506, 7 B.C.D. 135 (Bkrtcy.S.D.Cal.1981); *In re Pickus*, 8 B.R. 114 (Bkrtcy.D.Conn.1981); *In re Mimi's of Atlanta, supra.*

In light of the above, we find that any action of the landlord to regain possession of the premises (whether by judicial process or not) would also contravene § 362(a)(3) provides for a stay of—

> (3) any act to obtain possession of property of the estate or of property from the estate.

*See, e. g., In re Pickus, supra; In re Mimi's of Atlanta, supra.*

We, thus, conclude that the automatic stay provisions of the Code prevent the landlord from taking any action to recover the leased premises from the debtor even if the lease was terminated prior to the filing of a petition for relief by the debtor. We will, therefore, schedule this case for trial on the merits of the landlord's request for relief from the automatic stay.

---

5. Section 541(a) provides in part:

 (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

 (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.