**In the Matter of Franco Isacco PALAZZO, Debtor.**

**Bankruptcy No. 82–119.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

March 15, 1982.

Ronald R. Swartz, Tampa, Fla., for debtor.

Chris C. Larimore, Bradenton, Fla., Trustee.

Harry Kemker, Tampa, Fla., for Gulf Oil Corp.

ORDER ON APPLICATION FOR REMOVAL AND ORDER ON MOTION TO DENY APPLICATION FOR REMOVAL AND TO REMAND

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case initiated by Franco Isacco Palazzo also known as Frank Palazzo. The matter under consideration is an Application for Removal and a Motion to Deny Application for Removal and Remand. In order to put the matters under consideration in proper perspective a recitation of the undisputed history of the litigation would be useful.

In March of 1978, Advanced Sales Corporation doing business as Daytona Pit Stop (Advanced Sales), Franco Palazzo and Tina Palazzo, his former wife, filed a suit in the United States District Court for the Middle District of Florida against Gulf Oil Corporation (Gulf Oil). The complaint contained five counts. Counts I, II, and III were based on an alleged violation by the Defendant of the Emergency Petroleum Allocation Act of 1973 (EPAA), 15 U.S.C. § 751, *et seq.* and the Economic Stabilization Act of 1970 (ESA), 12 U.S.C. § 1904 note and on the Sherman Antitrust Act, § 1 and § 2, 15 U.S.C. § 1 and § 2; § 2 Clayton Act (Robinson-Patman Amendment), 15 U.S.C. § 13; §§ 4 and 12 of the Clayton Act, 15 U.S.C. § 15 and § 22.

The claims set forth in Count IV were based, again, on the alleged violation of EPAA. The claim set forth in Count V is asserted on behalf of the Debtor, his former wife and Advanced Sales and based on § 542.01, *et seq.*, Fla.Stat. The Debtor was initially represented by counsel in this action, but he is now conducting this litigation pro se. The trial in the District Court was scheduled for the week commencing February 1, February 8, or February 15, 1982. In October of 1981, and in November of 1981,

respectively, the Debtor filed a motion in proper person and sought a continuance of the pre-trial scheduled for January 5, 1982 and also sought a continuation of the trial. After extensive argument, both motions were granted by the United States District Judge and the pre-trial was rescheduled from January 5, 1982, to January 22, 1982. Gulf Oil filed its pre-trial statement in compliance with Local Rule 3.06. There is a motion for summary judgment filed by Gulf Oil pending and awaiting disposition in the United States District Court.

■ It further appears that the Debtor also pursued a claim for personal injury in which he is represented by counsel. Of course, he is represented by counsel in the case pending before this Court in the Chapter 13 case. This Court takes judicial notice of the fact that Advanced Sales was a Debtor in a pre-Code Chapter XI proceeding in which its plan of arrangement was confirmed; the plan was to be funded by the proceeds to be obtained from this litigation; and the Chapter XI case was closed.

Gulf Oil's Motion to Remand is based on several separate contentions. First, it is the contention of Gulf Oil that this Court has no jurisdiction over the entire "case" and certainly not over the claim asserted by Advanced Sales or Tina Palazzo, none of whom are currently debtors involved in any case filed under the Code. Second, it is the contention of Gulf Oil that even though this Court might have or does now have jurisdiction at least over a claim of Franco Palazzo, who is a debtor involved in a Chapter 13 case, this Court should either abstain to exercise jurisdiction pursuant to 28 U.S.C. § 1471(d) or in any event, in the alternative, enter an order denying the Application to Remove pursuant to Local Rule 7004(j).

Considering the first contention of Gulf Oil, it is evident that as a general principle, this Court lacks jurisdiction over claims of non-debtors against third parties and unless the term "related to" found in 28 U.S.C. § 1471(b) was designed to reach independent claims by non-debtors which somewhat relate to a claim of a Debtor, absence of which there is no jurisdiction to consider

such claims. The doctrine of pendent jurisdiction is an accepted doctrine in federal jurisdiction and if the claim of the Debtor is, in fact, inseparable from a claim of a non-debtor, then in this case the term "related to" might furnish the jurisdictional basis for the claims of the non-debtor. *Hurn v. Oursler*, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933).

■ This Court is disinclined to give a broad interpretation of 28 U.S.C. § 1471(b) and holds that the Bankruptcy Court has no jurisdiction over the claims of non-debtors unless the jurisdictional basis for such claims can be sustained on a pendent jurisdictional principle.

■ However, in light of the fact that this Court is of the opinion that this is clearly a case for application of the doctrine of abstention, it is unnecessary to decide in this particular instance the question of jurisdiction. This case has been pending for over four years, has been scheduled for immediate trial, has an unresolved Motion for Summary Judgment pending, and the outcome of this case has no bearing on the success or failure of this Chapter 13 case. As noted earlier, the proceeds of this litigation, even if the Plaintiff succeeds, are supposed to be used to fund the confirmed plan of Advanced Sales under Chapter XI of the Bankruptcy Act and also might be used for the benefit of Tina Palazzo who is not a debtor in any pending case under the Code. This being the case, the outcome of this litigation has no relevancy and bearing on any plan which might be submitted in this Chapter 13 case by the only debtor involved in the litigation, Franco Palazzo.

In light of the foregoing, this Court is satisfied that, assuming for the limited purposes of this case that this Court has jurisdiction over the entire case, it is proper to invoke 28 U.S.C. § 1471(d) and abstain from hearing this particular matter or in the alternative to remand this case to the District Court pursuant to 28 U.S.C. § 1478(b).

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Deny Application for Removal and to Remand be, and the same hereby is, granted and the case is remanded to the United States District Court. It is further

ORDERED, ADJUDGED AND DE-CREED that the Application for Removal be, and the same hereby is, denied.