**In the Matter of COMCOACH CORPORATION, Debtor.**

**The ROSLYN SAVINGS BANK, Plaintiff,**

**v.**

**COMCOACH CORPORATION, Defendant.**

**Bankruptcy No. 81 B 12084.
Adv. No. 82–5023A.**

United States Bankruptcy Court, S. D. New York.

March 16, 1982.

Anderson & Rubin, New York City, for debtor; Leonard H. Rubin, New York City, of counsel.

Schutzman & Schutzman, Wantagh, N.Y., for Roslyn Savings Bank; Charles M. Schutzman, Wantagh, N.Y., of counsel.

BURTON R. LIFLAND, Bankruptcy Judge.

The Roslyn Savings Bank ("Bank"), the holder of a first mortgage on property in which Comcoach Corporation ("Comcoach"), a reorganization debtor in this court, maintains its essential business operations, requests relief from the automatic stay of 11 U.S.C. § 362 to add Comcoach as a party defendant to its previously commenced (pre-petition) state court foreclosure action and thereby effectively terminate Comcoach's tenancy. The complaint initiating the "request" [1] pleads both "cause", including lack of adequate protection, and the

---

1. Proceeding by the adversarial route of a summons and complaint is the most accepted procedural alternative. See Rules of Bankruptcy Procedure 701 and 703; Martin, *Creditor Alternatives to Obtain Relief from Automatic Stays in Bankruptcy*, 87 Comm.L.J. 22, 30 (1982); but see proposed Bankruptcy Rule 4001(a) (relief initiated by motion) reprinted in Bankruptcy Law Reports (CCH) No. 63 pt. II, Feb. 25, 1982.

debtor's absence of equity in property that is also unnecessary to its effective reorganization.[2]

The issues were tried on February 5, 1982. No briefs were submitted. Judgment has been withheld pending the court's opportunity to explore the issues and render findings[3] by written opinion.

Comcoach filed a petition under Chapter 11 of the Bankruptcy Code[4] on October 23, 1981, 11 U.S.C. § 301,[5] and has continued in the operation of its business as a debtor in possession. See 11 U.S.C. § 1107. The original petition and local Bankruptcy Rule XI-2 affidavit reveal that Comcoach was organized in 1973 and is in the business of designing, engineering and assembling specialized vehicles for corporate and government use, i.e.: shuttle buses, corporate mobile marketing vehicles, and emergency and special purpose vehicles for medical, fire and rescue work. At its peak, Comcoach employed some 61 persons and had an overall volume in excess of $2.5 million.

Comcoach acquired the subject tenancy on July 12, 1979 from Rhone Holdings Nominee Corp., the successor obligor to the original April 18, 1979 $385,000 mortgage entered into by Jon-Rac Associates and the Bank, now in default. The Comcoach lease was expressly made subordinate in terms of lien priority to all mortgages placed on the property.[6]

Relief under 11 U.S.C. § 362(d)(2) applies only "with respect to a stay of an act against property." *In re Family Investments Inc.*, 8 B.R. 572, 575, 7 B.C.D. 194, 196 (Bkrtcy.Ct.W.D.Ky.1981). The Bank is not

a co-owner, lessor, co-signor, or creditor of Comcoach and does not claim an interest in Comcoach's property. Since the Bank's goal of joinder does not seek to recover against property of the debtor for the purpose of satisfying a claim it has against the debtor, I have serious reservation as to the applicability of this provision in these circumstances.

▮ It may further have eluded the Bank that the property to be examined for equity under 11 U.S.C. § 362(d)(2)(A) is Comcoach's unexpired leasehold interest and not the fee interest. A lease may be a valuable property right whose equity may be sold pursuant to 11 U.S.C. § 365, providing the basis for a dividend to creditors or a source of working capital for a reorganizing debtor. Under 11 U.S.C. § 362(g)(1), it was the Bank's burden to show that the lease was valueless or that Comcoach would be unable to assume the lease. *See In re Cheshire Molding Company*, 9 B.R. 309, 313, 7 B.C.D. 615, 617 (Bkrtcy.Ct.CT.1981). The Bank's unchallenged assertion that Comcoach has no equity in the fee estate does not focus on this burden. The failure of the Bank to prove that Comcoach does not have equity in the lease prevents the Bank from prevailing under 11 U.S.C. § 362(d)(2), regardless of the strict applicability of the section.

▮ Moreover, even if the aforementioned obstacle(s) were overcome, Comcoach's trial presentation convinces the court that its leasehold is necessary to an effective reorganization. This conclusion standing alone thwarts stay relief. 11

---

**2.** (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

**3.** See Bankruptcy Rule 752 (Findings by the court)

**4.** Title I, Section 101, of the Bankruptcy Reform Act of 1978, Pub.L. 95–598, 92 Stat. 2549, enacted and codified substantive bankruptcy into Title 11 of the United States Code (the "Bankruptcy Code").

**5.** Chapter 3 applies in cases under Chapter 11 by virtue of 11 U.S.C. § 103(a).

**6.** Clause 14 of the Comcoach Lease found in Exhibit B to the Bank's complaint and again as Exhibit 8 in evidence.

U.S.C. § 362(d)(2)(B) requires that "such property is not necessary to an effective reorganization."

Testimonial evidence adduced through Charles McConnel, President of Comcoach, establishes the following.

The present improvements on the subject property were constructed specifically for Comcoach's operations. Many of the fixtures and much of the equipment utilized to process the customized vehicles are permanently or semipermanently installed and could not be easily uprooted and relocated. Relocation, assuming another suitable plant could be found, would take three to five months. Former employees trained and familiar with the specialized skills needed in Comcoach's operations are situated in the proximity of the present location, and, with few limited exceptions, are available to return to their former employ. Thus, even if other facilities were available (for example in Detroit, Michigan or New Jersey, as Bank's counsel alluded) the necessary skilled labor might not. Several work projects are scheduled to commence in the near future and at a minimum they will take several months to complete. The failure to have ongoing production capability to handle these orders would be devasting to the reorganization attempt. Vehicle production is Comcoach's sole source of sustenance, and the income that will be generated by the completion of those vehicles is essential to support and continue the reorganization during this early stage.

Counsel for Comcoach neatly sums up its precarious position: "we need a plant for the production line. If there has to be a gap in production, these other orders will dry up and blow away and be nothing left for any of the creditors." Transcript at 77.

While the property is clearly necessary to the reorganization, this does not address whether reorganization is possible or likely (i.e. that it be "effective").

Nothing in the record indicates that Comcoach is beyond resuscitation. At the time of trial the debtor's 120 day exclusive period to propose a plan had not run.[7] See 11 U.S.C. § 1121(b). In the absence of strong evidence to the contrary, under these circumstances, the Court must give Comcoach the benefit of doubt that plan formulation is feasible. The property is therefore necessary to an effective reorganization.

Relief from the automatic stay is also available for "cause", including the failure by a debtor to provide adequate protection.[8] 11 U.S.C. § 362(d)(1).

■ The adequate protection concept is not applicable to the Bank. "Adequate protection of an interest of an entity in property is intended to protect a creditor's allowed secured claim," 124 Cong.Rec. 14 11,092 (Sept. 28, 1978); S17,409 (Oct. 6, 1978), or a co-owner's interest in property. See H.R.No. 95–595, 95th Cong., 1st Sess. (1977) 338–40; S.R.No. 95–989, 95th Cong., 2nd Sess. (1978) 49, U.S.Code Cong. & Admin. News 1978, p. 5787. See generally 2 Collier on Bankruptcy (15th Ed.) ¶ 361.01 at 361–2. The Bank is not being deprived of the "benefit" of any "bargain" running from Comcoach to it that must be protected.

■ The Bank's quest for relief is unfocused. If in fact the Bank seeks protection of the upstream flow of Comcoach's rental payments, it has proceeded incorrectly. A noncreditor of a debtor, even though owed a debt by a creditor of the debtor, does not have standing to seek relief from the automatic stay for the purpose of recovering on its claim. See In re the Tour Train Partnership, 15 B.R. 401, 5 C.B.C.2d 731. (Bkrtcy.Ct.VT.1981).

■ One appropriate mortgagee remedy for loss occasioned by nonpayment of rent to a delinquent lessor-mortgagor is to seek appointment of a receiver in state

---

7. While this case was *sub judice*, pursuant to 11 U.S.C. 1121(d), for cause shown, the court signed orders extending the debtor's exclusivity period to March 18, 1982 (orders dated Feb. 25, and March 4, 1982). Unless further extensions are granted, any party in interest (including the debtor) will be able to propose a plan of reorganization.

8. See 11 U.S.C. § 361 (adequate protection).

court.[9] A receiver would be a proper party in this Court to collect accruing rent or reasonable use and occupancy[10] from the debtor (tenant). Bankruptcy does not provide a debtor with a free ride; but, neither is it an avenue for remedial shortcuts.

The Bank also asserts that cause is supported by New York RPAPL § 1311 (Necessary Defendants), which specifies the joinder of interests subordinate to a foreclosing mortgagee's senior lien.

This not the case suggested by the legislative history of Section 362 where a lack of connection or interference with the pending bankruptcy case would prompt a court to permit the action to proceed to completion in another tribunal. See H.R.No. 95–595, 95th Cong., 1st Sess. (1977) 343; S.R.No. 95–989, 95th Cong., 2nd Sess. (1978) 52. The Bank does not wish to name Comcoach as a nominal or incidental party in order to recover against others. See e.g. Falick v. Monick, Bankr.L.Rep. (CCH) ¶ 56,603 (S.D. N.Y.1949). Rather, its ultimate design is termination of Comcoach's tenancy and Comcoach's eviction.

██ Despite the Bank's jaundiced reading of RPAPL § 1311, tenants are not "indispensable" parties to a mortgage foreclosure. Genuth v. First Division Ave. Realty Corp., 88 Misc.2d 586, 387 N.Y.S.2d 793, 794.[11] As originally commenced, there is no impediment to the foreclosure action going forward without interference from this Court or the State Court.

While at first blush there appears to be some confusion in this area, compare Flushing Sav. Bank v. CCN Realty Corp., 73 A.D.2d 945, 424 N.Y.S.2d 27, 28 (1980) (citing cases that seem to go both ways on joinder of tenants with subordinate leaseholds as necessary parties to foreclosure proceedings), further refinement provides the proper direction.

██ The only consequence of not naming Comcoach to the foreclosure action will be its retention of its leasehold rights with the concomitant result that a purchaser of the property could not remove Comcoach until the expiration of the tenancy. Commonwealth Mortgage Co. v. De Waltoff, 135 A.D. 33, 35, 119 N.Y.S. 781, 783 (1909); Genuth, Supra. See generally 14 Carmody-Wait 2d 92:103 at 732. While these repercussions might not be desired, their very existence is evidence that the failure to name a tenant with a subordinate lease is not fatal to a senior lienor's ability to foreclose against others. In fact, that a judgment of foreclosure will be legally effective as to all parties named in the foreclosure action is acknowledged by Counsel for the Bank. Transcript at 69–70.

Indeed, just because a tenant's leasehold is subordinate to a mortgagee's senior lien, this does not mean that in every case it will be beneficial to extinguish this lesser interest. Keeping the tenancy in place may very well make the property more valuable. See Diamond v. Tau Holding Corp., 131 Misc. 446, 449, 226 N.Y.S. 129, 133 (1927). There is no evidence in the record that the property is not saleable in a foreclosure sale with the tenant in place. The Bank's hue and cry that the foreclosure would be "meaningless" in the absence of Comcoach, Transcript at 70 & 72, is unsubstantiated. Although Comcoach's occupancy was notorious and overt, it is noteworthy that the bank made no effort at joinder before the intervening bankruptcy case.

Furthermore, it is usually defendants to a foreclosure suit that may insist on the joinder of others with an interest in the subject property. See Carmody-Wait supra § 92:88 at 713: Nat. Bank v. Gloucester Equities, 82 Misc.2d 811, 812, 372 N.Y.S.2d 348–9 (1975).

---

**9.** See N.Y. CPLR 6401 and RPAPL 1325 (Receivers).

**10.** These expenses are entitled to administrative priority status. See 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(1).

**11.** While the term "indispensable" is no longer used in the CPLR, the concept is still very much alive. 7B McKinney's Consolidated Laws of New York C101:5 at 372 (Practice Commentary). See generally Shields v. Barrow, 58 U.S. 130, 7 How. 130, 15 L.Ed. 158 (1854) (leading case developing the labels of "necessary" and "indispensable".

This accords with CPLR 1001(b)2, which directs a court to consider prejudice to the defendant and the party not joined in determining whether joinder may be excused.[12] Here the insistent party is not a defendant or the unjoined party, but the plaintiff to the action. *See also, e.g. G.B. Seely's Son Inc., v. Fulton Edison,* 52 A.D.2d 575, 382 N.Y.S.2d 516 (1976) (typical case).

The court's research reveals one case that seems to side with the Bank's aspirations, but which is distinguishable and therefore not influential.

In *In re Peck Const. Corp.,* 14 B.R. 195 (Bkrtcy.Ct.E.D.N.Y.) a foreclosing mortgagee was held entitled to join as a necessary party to its state court foreclosure action a debtor claiming a mechanic's lien (also a subordinate interest) on the subject property. This holding rested upon a combination of three rationales: 1) by the force (or spirit) of 28 U.S.C. § 959 a suit could be brought outside the bankruptcy court without leave of the bankruptcy court for an act of the debtor-in-possession in carrying on its business connected with the property that is the subject of the suit; 2) the automatic stay did not apply; and, 3) principles of abstention were appropriate.

■ Summarily, the court concludes that 28 U.S.C. § 959 is not applicable; Comcoach's tenancy was not acquired in connection with the carrying on of its business as a debtor in possession.

12. Although RPAPL 1311 addresses necessary parties in foreclosure proceedings, the general provisions of the CPLR remain applicable. See Carmody-Wait *supra* at 714.

13. Where a mortgage covers the fee title and thereafter the landowner gives a lease to a tenant who goes into bankruptcy, the bankruptcy court under the old bankruptcy law had no power to interfere with a foreclosure of the mortgage. The mortgagee's lien was superior to the rights of the tenant and his trustee in bankruptcy. *In re Holiday Lodge Inc.,* 300 F.2d 516 (7th Cir. 1962), (cert den. 371 U.S. 824, 83 S.Ct. 43, 9 L.Ed.2d 63). Under the new law, it seems that the automatic stay would affect this foreclosure since the automatic stay is effective to stop the enforcement against the debtor's property of any lien securing a claim that arose prior to

Next, the automatic stay is operative.[13] *See* 11 U.S.C. § 362(a)(3) & (5); *See Elikaan v. Newmark,* Civ.Ct.N.Y., N.Y.L.J., March 5, 1982, p. 14 (bare possession sufficient); H.R.No. 95–595, 95th Cong. 1st Sess. (1977) 367; S.R.No. 95–989, 95th Cong. 2d Sess. (1978) 82 ("The debtor's interest in property also includes "title" to property, which is an interest, *just as are a possessory interest or leasehold interest,* for example." (emphasis added)). Were it not, the court would stay the Bank under 11 U.S.C. § 105.[14] See H.R.No. 95–595, 95th Cong., 2nd Sess. (1978) 51. *Cf. In re Atlantic Steel Products Corp.,* 31 F.Supp. 408, 410 (E.D.N.Y.1939) (bankruptcy court can stay all proceedings interferring with property in custody of the debtor).[15]

■ As such, cause for stay relief must be shown. And whether grounds exist for relief from a stay turns upon the particular facts of each request. See H.R.No. 95–595, 95th Cong., 1st Sess (1977) 344.

The *Peck* case dealt with the joinder of a "proper party" neither claiming an interest in the premises nor having any personal liability for the payment of the mortgage debt. See Carmody-Wait, *supra.* At stake was the disposition of a lien filed by the debtor during its reorganization as part of its everyday business activities. The disposition of a security interest is quite different from the situation at hand where the

the bankruptcy petition. 11 U.S.C. § 362(a)(5).
Kratovil and Werner, *Modern Mortgage Law and Practice* (1981).

14. Under 11 U.S.C. § 105 a bankruptcy court may issue any order, process, or judgment necessary to carry out the provisions of Title 11.

15. Allowing the Bank to strip Comcoach, a failing company, of its production facility would impact seriously on the Code's goal of encouraging business reorganization. See *United States of America v. Whiting Pools, Inc.,* 674 F.2d 144 at 152 (2d Cir. 1982). "The stay is the first part of bankruptcy relief, for it gives the debtor a respite from the forces that led him to bankruptcy." H.R.Report No. 95–595, 95th Cong., 1st Sess. (1977) 125, U.S. Code Cong. & Admin.News 1978, p. 6086.

issue is the debtor's continued right of possession in premises essential to its business operations.

While traveling a different road, the *Peck* court's final reference to abstention and its comment that "... certain cases are best left in a different forum", *supra* at 196, leads this Court to surmise that under the facts in *Peck*, that court simply found grounds for cause. In the instant case, the change in facts and impact command otherwise.

Having also failed to establish cause under 11 U.S.C. § 362(d)(1), the Bank's request for relief from the stay in order to join Comcoach as party defendant to its state court foreclosure action is denied.

ORDERED, that pursuant to 11 U.S.C. §§ 105, 362, a stay shall continue in full force and effect.