In re Robert E. MANSEN, a/k/a R. E. Mansen, Debtor.

Robert K. TROTTER and Mary F. Trotter, Plaintiffs,

v.

Jonathan B. BUSINEAU, Linda B. Busineau, K & R Enterprises, The Dewolfe Company Inc., Defendants.

Jonathan B. BUSINEAU, Linda B. Busineau, Third-Party Plaintiffs,

v.

Robert E. MANSEN a/k/a R. E. Mansen, Third-Party Defendant.

Bankruptcy No. 82–00339–L.
Adv. No. 82–0235.

United States Bankruptcy Court, D. Massachusetts.

May 17, 1982.

Henry Friedman, Boston, Mass., for debtor, third-party defendant.

Bertin C. Emmons, Kaye, Fialkow, Richmond & Rothstein, Boston, Mass., for defendants, third-party plaintiffs.

Paul B. Carroll, MacGregor & Carroll, Canton, Mass., for plaintiffs.

## OPINION

THOMAS W. LAWLESS, Chief Judge.

The issue before the Court is whether or not this Court should remand this action which was removed to this Court from the District Court of Southern Norfolk, Commonwealth of Massachusetts pursuant to 28 U.S.C. § 1478[1] and Interim Bankruptcy Rule 7004. The underlying dispute involves an action brought by the plaintiffs, Robert and Mary Trotter (the "Trotters"), against the above-named defendants for damages incurred from a leaky basement in a home that the Trotters bought from Jonathan and Linda Busineau (the "Busineaus"). The Busineaus brought a third-party complaint against the debtor, Robert E. Mansen ("Mansen"), in state court under Mass.Rule Civ.Pro. 14[2] alleging that Mansen guaranteed the Busineaus that the basement

---

1. Title 28 U.S.C. § 1478 provides:
   (a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.
   (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.

2. Mass.Rule Civ.Pro. 14, nearly identical to Fed.Rule Civ.Pro. 14, provides:
   (a) *When Defendant May Bring in Third Party.* At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person who is or may be liable to him for all or part of the plaintiff's claim against him. Third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 20 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action. The person served with the summons and third-party complaint, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim as provided in Rule 12 and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the plaintiff thereupon shall assert his defenses as provided in Rule 12 and his counterclaims as provided in Rule 13. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13. Any party may move to strike the third-party claim, or for its severance or separate trial. A third-party defendant may proceed under this rule against any person who is or may be liable to him for all or part of the claim made in the action against the third-party defendant.
   (b) *When Plaintiff May Bring in Third Party.* When a counterclaim is asserted against a plaintiff, he may cause a third party to be brought in under circumstances which under this rule would entitle a defendant to do so.

would remain dry for two years. The Busineaus say that if they are found to be liable to the Trotters, then Mansen is liable to them.

The Busineaus, as defendants/third-party plaintiffs, have removed this action to this Court and the plaintiffs, the Trotters, and the debtor/third-party defendant, Mansen, have requested remand to the state court pursuant to 28 U.S.C. § 1478(b). For the reasons set forth below, the Court remands this entire dispute to the state court.

A prerequisite for removal under section 1478 is that the bankruptcy court have jurisdiction over the claim or cause of action sought to be removed. Title 28 U.S.C. § 1471(c)[3] confers upon the bankruptcy courts all the jurisdiction granted to the district courts under sections 1471(a) and (b). Thus bankruptcy courts have jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11. This pervasive grant of jurisdiction was intended to eliminate the often wasteful distinction between summary and plenary jurisdiction and is "modeled as closely as possible on Chapter 5 of Title 28, the chapter that establishes and governs the United States district courts." See 9 Bkr.L.Ed., Legislative History § 82:22, page 459 (1979).

Title 28 U.S.C. § 1441(a)–(d)[4] deals with the removal of actions pending in state courts to Federal district courts. While § 1478(a) allows for removal by a "party" and § 1441 only speaks of removal by the "defendant or the defendants," it is useful to consider § 1441 when interpreting removal to the bankruptcy courts under § 1478. See 1 Collier on Bankruptcy ¶ 3.01, P. 62–71 (15th ed. 1981).

In the instant case there is no independent federal jurisdiction in the primary suit between the Trotters and Busineaus *et al.* The Busineaus, by virtue of their third-party claim against the debtor, seek to remove the entire action to this Court. In actions under § 1441, the weight of authority is that the lack of federal jurisdiction over the main claim is not supplied by the introduction of an ancillary third-party claim as to which there is independent federal jurisdiction. *See, e.g., Lowes of Montgomery, Inc. v. Smith*, 432 F.Supp. 1008 (N.D.Ala.1977); *Burlingham, Underwood, Barron, Wright & White v. Luckenbach Steamship Co.*, 208

**3.** 11 U.S.C. § 1471

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

**4.** Title 28 U.S.C. § 1441 provides:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district courts of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

(d) Any civil action brought in a state court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district or division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.

F.Supp. 544 (S.D.N.Y.1962); 1A Moore's Federal Practice ¶ 0.167[10], at 413–420 (2d ed. 1982); *contra Carl Heck Engineers v. LaFourche Parish Police*, 622 F.2d 133 (5th Cir. 1980) (removal of a third-party claim allowed where the third-party claim states a separate and independent cause of action, however main claim remanded to state court).

A review of case law under the Bankruptcy Code, while indicative of the expansive grant of jurisdiction, has not revealed a case on point. *See, e.g., In re Brother's Coal Company*, 6 B.R. 567 (Bkrtcy.W.D.Va. 1980) (Bankruptcy court held that a suit against a guarantor of debtor's obligation was related to debtor's reorganization proceeding); *In re Lucasa Intern. Ltd.*, 6 B.R. 717 (Bkrtcy.S.D.N.Y.1980) (In a suit by the trustee to collect a debt, the court held that it had jurisdiction over the defendant's third party action against the defendant's guarantor).

Even assuming that the Busineaus' action against the debtor states a separate and independent cause of action and this is sufficient to bring this entire action within this Court's jurisdiction, in the interest of justice and judicial economy this Court will remand this matter and allow it to be resolved in the state court. 28 U.S.C. § 1478(b). The Trotters initiated this action in state court in June, 1981, discovery is completed and trial is imminent. Since the time for filing objections to debtor's discharge expired on April 28, 1982, the debtor's liability to the Busineaus, if any, will be discharged by the debtor's bankruptcy proceeding. This action involves a breach of contract and does not present any issues peculiar to bankruptcy courts. As such it is an appropriate matter to be handled by the state court. In these circumstances, it would be inequitable to defeat plaintiff's choice of forum by the defendant's assertion of this third-party claim against the debtor.

Upon filing of the appropriate complaint, the Court will lift the automatic stay to allow for the full resolution of this matter in the state court.