In re ALLAN STEAKS CORPORATION, Debtor.

David H. CARLS and Gary F. Snerson, Trustees of Annex Realty Trust, Plaintiffs,

v.

BONANZA INTERNATIONAL DEVELOPMENT COMPANY and Allan Steaks Corporation, Defendants.

Bankruptcy No. 4–82–00426–G.

Adv. No. 4–82–00222.

United States Bankruptcy Court, D. Massachusetts.

Sept. 3, 1982.

Michael J. Pappone, P.C., Goldstein & Manello, Boston, Mass., for plaintiffs.

Roderick St. Pierre, Steven Kressler, Shrewsbury, Mass., for Allan Steaks Corp.

Daniel C. Cohn, Hale & Dorr, Boston, Mass., for Bonanza Intern. Development.

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND

PAUL W. GLENNON, Bankruptcy Judge.

The trustees of Annex Realty Trust ("Annex") filed a summary process complaint against Allan Steaks Corporation ("Allan Steaks") and Bonanza International Development Company ("Bonanza") in the Woburn District Court alleging breach of a lease provision which restricted the assigning or subletting of certain property without the written consent of Annex. Allan Steaks, as chapter 11 debtor-in-possession, removed the action to the United States Bankruptcy Court. Annex then filed an adversarial motion for remand requiring an expedited determination. For the reasons set forth below, after consideration of the oral argument and the briefs submitted by counsel, the court is of the opinion that the motion of Annex to remand the action to the Woburn District Court should be denied.

### FACTS

In July of 1973, Annex and Bonanza entered into a lease, covering property located in Burlington, Massachusetts ("premises") for the purpose of operating a steak house restaurant. In contravention of a para-

graph of the lease, Bonanza sublet the premises to Allan Steaks, under a franchise agreement, for the purpose of operating a similar restaurant. The lease term is to run until 1994, with an option to renew through 1999.

After learning of the sublease agreement, Annex commenced a summary process action against Bonanza and Allan Steaks in the Woburn District Court.[1] The action was removed to the bankruptcy court by Allan Steaks some six weeks later pursuant to 28 U.S.C. § 1478(a).[2]

Annex opposed the removal of the action and so moved for an order to remand. A hearing was held on the motion of Annex to remand. Both Bonanza and Allan Steaks oppose a remand to the Woburn District Court.

## OPINION

■ The bankruptcy court has jurisdiction of the summary process action as the lease agreement is an interest of the debtor and necessary for an effective reorganization. Section 28 U.S.C. § 1471(e) reads, "[t]he bankruptcy court in which a case under Title 11 is commenced shall have exclusive jurisdiction of all property, wherever located, of the debtor as of the commencement of such case."[3] Although Allan Steaks does not have an ownership interest in the premises, its leasehold interest is a sufficient property interest to satisfy the jurisdictional requirement. "[T]he estate is comprised of all legal or equitable interest of the debtor in property, wherever located, as of the commencement of the [bankruptcy] case. The scope of this paragraph is broad. It includes all kinds of property including tangible or intangible property, causes of action . . . . The debtors interest in property also includes 'title' to property,

which is an interest, just as are a possessory interest, or *leasehold interest*, for example." House Report No. 95–595, 95th Cong., 1st Sess. (1977) 367; Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 82, U.S. Code Cong. & Admin. News, pp. 5787, 5868, 6323. (emphasis supplied) In *In re Comcoach Corp.*, 19 B.R. 231, 8 B.C.D. 1077 (Bkrtcy.S. D.N.Y.1982), the debtor's leasehold interest (as subtenant of property leased from a successor obligor of a mortgage in default) was found to be a valuable interest and sufficient to prevent the bank from terminating the subtenancy and foreclosing on the property. See also *In re Mimi's of Atlanta*, 5 B.R. 623, 6 B.C.D. 807, 2 C.B.C.2d 805 (Bkrtcy.N.D.Ga.1980), and *In re Lewis*, 15 B.R. 643, 8 B.C.D. 528 (Bkrtcy.E.D.Pa. 1981).

"[T]he bankruptcy court is the exclusive forum for a determination of the rights of adverse interests in property of the debtor. Furthermore, a determination of what is or is not property of the debtor has always been a major function of the bankruptcy court." *In re Bellucci*, 9 B.R. 887, 889, 7 B.C.D. 519, 520, 4 C.B.C.2d 33 (Bkrtcy.D. Mass.1981) (decision by this court). In *In re Ebright Refrigeration Equipment*, 13 B.R. 546, 548, 4 C.B.C.2d 1543 (Bkrtcy.S.D.Ohio 1981), before setting forth guidelines for determining whether a remand should be ordered, the court stated, "[t]he criteria of whether the [bankruptcy] court should hear and resolve such matters [related to a bankruptcy case] should be such as to almost never countenance abstention unless based upon a determination that the results of the proceeding could not conceivably have any effect upon the estate being administered such as strictly *in personam* causes of action, like divorce."

---

1. Annex had previously commenced a summary process action in the Woburn District Court for non-payment of rent. It appears that the complaint was dismissed as the rent was timely received. The case is now on appeal and is not before the Bankruptcy Court.

2. 28 U.S.C. § 1478(a) in pertinent part reads: "A party may remove any claim or cause of

action: . . . to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action."

3. As the petition of Allan Steaks was filed on June 4, 1982 and the sublease was entered into in 1973, the leasehold interest was property of the debtor as of the commencement of the case.

■ There is no question that this court, pursuant to 28 U.S.C. 1478(b)[4] and § 7004(j) of the Interim Bankruptcy Rules, may remand the instant action.[5] However, there has been no showing of improvidence in removing this case to the Bankruptcy Court. Clearly, Allan Steaks was entitled to remove the action to the bankruptcy court under 28 U.S.C. § 1478(a). The facts are not like those of *In re Pemberton Pub., Inc.*, 16 B.R. 275, 277 (Bkrtcy.D.Mass.1981), where the debtor sought to rewrite his complaint filed originally in state court, by the filing of a new complaint (adding new defendants and counts) in the bankruptcy court. In the instant action, there does not appear to be any equitable ground for remand; the bankruptcy court has jurisdiction over the action,[6] the bankruptcy court is ready to proceed to trial, the litigation involves property necessary for the reorganization of the debtor and the state court is in no better position to respond to the question at hand. See *In re Maine Marine Corp.* 20 B.R. 426, 9 B.C.D. 120 (Bkrtcy.D.Me. 1982); *In re Trina-Dee, Inc.*, 14 B.R. 482, 5 C.B.C.2d 290 (Bkrtcy.E.D.Pa.1981); and *In re Project Oneco, Inc.*, 3 B.R. 284 (Bkrtcy.D. Colo.1980). Cf. *In re Palazzo*, 19 B.R. 229, 9 B.C.D. 60 (Bkrtcy.M.D.Fla.1982) (remand to district court where outcome of litigation could have no relevancy to plan to be filed by the debtor and trial in district court imminent), *In re Mansen*, 20 B.R. 391, 9 B.C.D. 130 (Bkrtcy.D.Mass.1982) (remand to state court where trial imminent and no issue peculiar to bankruptcy court presented) and *In re Calabria*, 5 B.R. 73 (Bkrtcy.D. Conn.1980) (equitable grounds for remand include a finding of forum non conveniens and that the state court is better prepared to handle the issue involved).

Moreover, in the interests of judicial economy, this case should not be remanded. I fear that if this case were to be remanded, it might be back before the court in another posture, i.e., as a contempt motion for violation of the automatic stay or as a complaint by Annex for relief from the automatic stay if the underlying action were to be decided in Annex's favor. See *In re Bellucci*, 9 B.R. 887, 7 B.C.D. 519, 4 C.B.C.2d 33 (Bkrtcy.D. Mass.1981). If this were to prove true, even more time would elapse before the underlying dispute is settled, contrary to Annex's repeated protestations.

■ I am mindful that the bankruptcy laws have been enacted to provide a prompt determination of the affairs of the debtor, *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) and am prepared to set a firm date for trial. In this connection, a trial shall be had on *September 29, 1982 at 2:00 P.M.*, at the Federal Building, 595 Main Street, Worcester, Massachusetts.

Therefore, in accordance with this memorandum, it is hereby ORDERED, that the motion to remand is denied and any and all further proceedings relative to the instant action shall be conducted in the Bankruptcy Court and in accordance with applicable law.

---

**4.** 28 U.S.C. § 1478(b) reads as follows: "[T]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise."

**5.** § 7004(j) reads in relevant part: "[I]f at any time before final judgment it appears that the civil action or proceeding was removed improvidently or without jurisdiction, the bankruptcy court shall remand the case . . . "

**6.** Even if it were determined that the leasehold interest is not property of the debtor's estate under 11 U.S.C. § 541, the Bankruptcy Court has original but not exclusive jurisdiction pursuant to 28 U.S.C. § 1471(b) and (c) which state "[t]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11." "The bankruptcy court for the district in which a case under Title 11 is commenced shall exercise all of the jurisdiction conferred by this section or the district courts."