In re ANDERSON–WALKER INDUSTRIES, INC., Debtor.

ANDERSON–WALKER INDUSTRIES, INC., Debtor-in-Possession, Plaintiff,

v.

SMALL BUSINESS ADMINISTRATION, Defendant.

Bankruptcy No. SA–80–0157–PE.

United States Bankruptcy Court, C. D. California.

April 14, 1980.

4. See Note (2) above.

Stopher & Stuhley by Jon Stuhley, Santa Ana, Cal., for debtor-in-possession.

Alberto G. Alvarado, Los Angeles, Cal., for Small Business Administration.

William Starrett, III, Anaheim, Cal., for Unofficial Creditors' Committee.

## MEMORANDUM OF DECISION

PETER M. ELLIOTT, Bankruptcy Judge.

Plaintiff filed a voluntary petition under Chapter 11 on April 9, 1980. On telephoned notice to the Unofficial Creditors' Committee and to the Small Business Administration ("SBA"), plaintiff's application for permission to use cash collateral, to-wit, accounts receivable, was heard on April 11, 1980.

The SBA holds a security interest in the debtor's accounts receivable, machinery, fixtures and equipment, office furniture and inventory. The issue before me is whether adequate protection is afforded the SBA.

The original amount of the SBA loan was $150,000 and has been paid down to about $67,500. As security for that indebtedness, the SBA holds a security interest in the following collateral:

| | | |
|---|---|---|
| Accounts Receivable totaling approximately $280,000, $100,000 of which is less than 30 days old and another $52,000 of which is less than 60 days old | | $150,000 |
| Stipulated liquidation values for the purpose of this hearing: | | |
| Machinery, fixtures and equipment | $381,000 | |
| Less senior purchase money security interest | (112,000) | 269,000 |
| Office furniture | | 4,000 |
| Inventory and work in process | | 75,000 |
| TOTAL liquidation value of collateral | | $498,000 |

The debtor proposes to keep up the monthly payments called for by the terms of the SBA loan agreement of approximately $2,200 per month. The debtor is opposed to granting a security interest in its post-filing receivables on the grounds that the SBA is adequately protected without that additional protection and that it may be necessary to factor its post-filing receivables for working capital.

The SBA objects that it has not had sufficient notice and that it is not afforded adequate protection. 11 U.S.C.A. § 102(1)(A) states that after notice and a hearing means after such notice as is appropriate in the circumstances and such opportunity for hearing as is appropriate in the circumstances. In this case, the debtor cannot operate its business without using the income generated from collection of the pre-filing accounts receivable.

Under the particular circumstances, I hold that the notice and hearing are adequate, especially in view of the fact that counsel for the debtor has been negotiating with the SBA for at least a week before the filing of the Chapter 11 case in an attempt to obtain its consent to the use of the collateral. As to the second point, it borders on the frivolous for the SBA to argue that it is not adequately protected when the liquidation value of the collateral is 7.3 times the amount of the secured indebtedness. I would think the SBA would be well advised to cooperate with a debtor who is seeking to reorganize under Chapter 11, especially when it is as over-secured as it is in this case.

Therefore, I conclude that the debtor may use pre-filing accounts receivable until further order of the court, on condition that the debtor make the regular monthly payment of approximately $2,200 per month. The April payment is to be made no later than April 18, 1980, and the subsequent monthly payments no later than

the tenth day of each month. The debtor is to serve on the SBA copies of the operating statements which are delivered to the U. S. Trustee and the Creditors' Committee. Of course, the SBA can apply to the court for relief at any time it feels that its security is in jeopardy.

Counsel for the debtor is to prepare an order in accordance with this memorandum.

It is this court's determination that separate findings of fact and conclusions are unnecessary in connection with this ruling on plaintiff's application, and that the within Memorandum of Decision shall constitute this court's findings of fact and conclusions of law thereon.