**In re FAMILY INVESTMENTS, INC. . d/b/a Octaves, Debtor.**

**CITIZENS FIDELITY BANK & TRUST CO., Plaintiff,**

v.

**FAMILY INVESTMENTS, INC., Defendant.**

**Bankruptcy No. 38001329. Adv. No. 3800280.**

United States Bankruptcy Court, W. D. Kentucky.

Jan. 29, 1981.

J. Baxter Schilling, Louisville, Ky., for plaintiff.

John W. Ames, Louisville, Ky., for defendant.

## MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

In the Chapter 11 proceeding of Family Investments, Inc., which operates the nightclub "Octaves", a secured creditor, Citizens Fidelity Bank and Trust Company sought relief from the automatic stay to recover certain secured property.

In its complaint, Citizens asserted that it held a security interest in all of the debtor's furniture, fixtures, machinery, and equipment, including bar, sound, lighting and special effects equipment, and in all inventory, accounts receivable, and general intangibles, and proceeds from any of the foregoing. The debt claimed, with principal and interest, was $178,484.34.

As grounds for relief, Citizens averred that. there was no equity in the secured property; that it was not necessary for an effective reorganization; and that its interest in the property was not adequately protected.

Before the hearing on Citizen's complaint, Citizens and Octaves executed an agreed order which provided that Octaves would do the following: (1) pay on July 15 and July 30, 1980 its current monthly contractual payments amounting respectively to $7,761.63 and $8,211.25; (2) list Citizens as primary loss payee under all insurance policies covering Octaves and provide proof of payment on those policies; (3) submit monthly financial statements prepared by a certified public accountant; and (4) provide a complete accounting of all property purchased by the debtor with the $186,445 loaned to the debtor by Citizens. The agreed order also changed the date for a hearing on the bank's complaint from July 8 to August 1, 1980.

By the time the hearing on the complaint to lift the automatic stay was held on August 1, Octaves had not yet fully complied with the agreed order. Rather than lift the automatic stay at that time, we allowed the creditor three more weeks in which to com-

ply with the terms of the order. When we asked the representative of Octaves if this were sufficient time, he replied that they would not ask the court for further leniency if they were not in compliance by then. We further verbally directed, with no objection from either side, that Octaves should make the monthly contractual payments as they become due.

When the matter again arose on September 5, 1980, the date on which the final hearing on the bank's complaint was held, the debtor had neither complied with the order nor made its regular monthly payment. To prevent the stay from being lifted the debtor argued, for the first time, that relief could not be granted without proof that there was no equity in the property. Citizens countered that it was seeking relief under 11 U.S.C. § 362(d)(1), and that a hearing on the question of equity was therefore not necessary.

As framed by the parties, the issues are as follows:

(1) whether, in an action for relief from the automatic stay under 11 U.S.C. § 362(d)(1), a showing of no equity need be made, and (2) whether a debtor's violation of an agreed order and failure to make monthly payments as ordered by the Court is sufficient "cause" under § 362(d)(1) to require that the stay be lifted.

The means of relief from the automatic stay is provided in § 362(d), which reads:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

As is apparent from the statute, separate provision is made to deal with relief from the stay of an act against property. What is not clear is whether, when property is involved, a creditor *must* proceed under § 362(d)(2). The debtor in possession submits that in such a case relief can be granted only if the requirements of § 362(d)(2) are met.

On that point we do not agree. As evidenced by the disjunctive phraseology of (d)(1) and (d)(2), a creditor is not bound to pursue relief to recover property under § 362(d)(2), but is instead presented that remedy as an alternative—a means by which a creditor may quickly and easily gain relief to realize its property interest.

So much is evidenced by the scant legislative history of § 362(d)(2), which provides that, "This section is intended to solve the problem of real property mortgage foreclosures of property where the bankruptcy petition is filed on the eve of foreclosure".[1]

The debtor, in construing § 362(d) as it does, has twisted the intended effect of the provision. Section 362(d)(2) applies per se *only* to the stay of an act against property, which does not also mean that it is the *only* method for seeking relief when property is involved.

If the debtor's interpretation was correct, it would be necessary to show in all cases where recovery of property is sought that (1) there is no equity in property *and* (2) the property is not necessary for an effective reorganization.

In a business reorganization, imposing this requirement would mean that so long as the property involved is needed in the business, as it usually is, its recovery would be precluded irrespective of the degree to which the creditor's interest is left unprotected and in spite of the absence of equity in the property.[2] We do not think that this is what was intended. Proceeding on the ground that its interest is not adequately

---

1. 124 Cong.Rec.H.11,092–3 (Sept. 28, 1978); S.17, 409 (Oct. 6, 1978).

2. See e. g. 2 *Collier on Bankruptcy*, ⸗ 362.07[2] at 362-48 (15th Ed. 1979).

protected is in most cases the only efficacious means of relief that the secured creditor has at its disposal. That option, and it is an option, should not be denied the creditor.

\* \* \* \* \* \*

■ Although an equity determination need not *automatically* be made when relief is sought for lack of adequate protection, equity may be a factor if the debtor claims it is a component of adequate protection.

■ The creditor in this case is proceeding under § 362(d)(1), "for cause, including lack of adequate protection". Adequate protection is a concept which, like so many of the Code's amorphisms, Congress intentionally left undefined. And although illustrations of what might constitute adequate protection are provided in § 361, they neither exclude nor exhaust the types of arrangements which might ensure protection of a creditor's property interest. Rather, adequate protection must be determined based upon the facts of each case by applying general equitable principles.[3]

Congress advanced the concept of adequate protection so that a creditor could be assured that it would realize the value of its interest in the property affected. Its roots are constitutional, its effect practical. It is derived from the fifth amendment protection of property interests, but it also preserves for a secured creditor, when strict enforcement of legal rights is impossible or detrimental to bankruptcy law, the essence of what that creditor bargained for.[4]

■ Because there are no set guidelines for what constitutes adequate protection, a bankruptcy court may flexibly determine whether the form of protection offered reflects the spirit and intent of § 361. The burden is on the debtor to propose the protection method,[5] and in this case the debtor submits that its equity adequately protects the secured creditor's interest.

There is strong support for its argument. Before enactment of the Bankruptcy Code, the court in *Matter of Blazon Flexible Flyer, Inc.*,[6] held that the equity cushion was sufficient to restrain enforcement of a security interest, and ordered a proposed reorganization continued.

In several decisions rendered after the Code's enactment, courts also found that a creditor's property interest was adequately protected by the equity in the security and allowed reorganization to proceed.[7]

■ We likewise believe that as a general rule the equity cushion may preserve for a creditor the benefit of its bargain. Thus, although an equity determination is not an automatic requisite for relief to proceed against property, it may be needed if a debtor offers as adequate protection the equity in the security.

Unfortunately for the debtor, that does not completely solve its problem. Lack of adequate protection is but one "cause" for which relief can be granted under § 362(d)(1). The bank asserts that in this case cause exists because of Octaves' noncompliance with its agreed order and because it failed to make periodic payments as verbally ordered by the Court.

Like the term "adequate protection", "cause" is not defined. Unlike adequate protection, very little discussion has been had regarding what might be sufficient cause to justify relief from the stay. When § 362(d)(1) is used, most creditors proceed

3. H.R.Rep.No.95–595, 95th Cong. 1st Sess. 339 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

4. Id.

5. Id., at 338; *In re Princess Baking Corporation*, 5 B.R. 587, 2 C.B.C.2d 1071, 1076 (Bkrtcy. S.D.Cal.1980); *In re San Clemente Estates*, 5 B.R. 605, 2 C.B.C.2d 1003, 1009 (Bkrtcy.S.D. Cal.1980).

6. 407 F.Supp. 861 (N.D.Ohio 1976).

7. *In re San Clemente Estates*, supra note 5; *In re Shockley Forest Industries, Inc.*, 5 B.R. 160, 2 C.B.C.2d 756 (N.D.Ga.1980); *In re Anderson-Walker Industries, Inc.*, 3 B.R. 551, 1 C.B.C.2d 831 (Bkrtcy.C.D.Cal.1980); *In re Rogers Development Corp.*, 2 B.R. 679, 1 C.B.C.2d 499 (Bkrtcy.E.D.Va.1980); *In re Castle Ranch of Ramona, Inc.*, 5 B.C.D. 1386 (Bkrtcy.S.D.Cal. 1980).

on the more specific grounds that they lack adequate protection; but, as the House Report on § 362(d) clearly states, "The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, but is not the only cause".[8]

The nature of what might justify the lifting of the stay "for cause" is also addressed in that House Report. "Causes might include the lack of any connection with or interference with the pending bankruptcy case", such as unrelated divorce, child custody or probate proceedings;[9] but generally "the facts of each case will determine whether relief is appropriate under the circumstance".[10]

■ We reiterate the facts surrounding the bank's claim that cause exists for relief from the stay. To postpone the final hearing on the bank's complaint, the bank and Octaves executed an agreed order whereby, among other things, two monthly payments were to be made. When performance of this obligation became due, Octaves asked for more time. We granted three more weeks and, in open court, the representative of Octaves, an attorney, made a statement to the effect that if Octaves failed to comply by that time, it would not ask the Court for further leniency. We believed that to mean that Octaves would not object to the lifting of the stay if it were still not in compliance by then. Further, we informed Octaves that in the interim its regular monthly contractual payments were to be met.

When the final hearing on the bank's complaint was held, Octaves interposed for the first time the claim that the stay could not be lifted without a showing of lack of equity. We took the matter under advisement, and repeated our position that regular monthly payments were due in the meantime.

Upon these facts, we conclude that cause does exist for granting relief from the stay. An agreed order "acquires the incidents of and is given the same force and effect of any other judgment".[11] It is a contract between the parties which has judicial approbation—one to which the Court, as ultimate arbiter, has been made a signatory.[12] It is not to be ignored, and can be set aside only upon the same bases as any other judgment.

■ In entering into an agreed order, the parties to a case waive their right to litigate the issues involved.[13] In this case, the bank agreed to forestall pursuit of the statutory procedure normally followed when a stay action is initiated contingent upon the debtor's compliance with the terms of the order. The bank waived its right to pursue immediate relief directly as a result of the debtor's representations. If the debtor felt it had valid defenses to the bank's claim, it should have allowed the action to proceed as scheduled rather than execute an agreed order which in effect served as a substitute for the stay action.

The order originally set July 30, 1980 as the date upon which a total of about $16,000, representing the June and July payments, was to have been paid. On July 18, the debtor paid $5,650. The only other payment received by the bank, one for $6,150, was not made until September 30, 1980. While the debtor was being given additional time within which to comply with the order, it was understood that the regular monthly payments were to be made. That understanding formed part of the basis for allowing the debtor to delay complying with the order. To our knowledge, no periodic payments have been made.

---

8. Supra Note 3 at 343.

9. Id.

10. Id.

11. 47 Am.Jur.2d *Judgments* § 1088 (1969); see also *Brunswick Corp. v. Chrysler Corp.*, 408 F.2d 335 (7th Cir. 1969), *Securities and Exchange Commission v. Thermodynamics, Inc.*, 319 F.Supp. 1380 (D.C.Colo.1970), aff'd, 464 F.2d 457 (10th Cir. 1972), cert. denied 410 U.S. 927, 93 S.Ct. 1358, 35 L.Ed.2d 588.

12. 47 Am.Jur.2d *Judgments* § 1082 (1969).

13. *United States v. Armour and Co.*, 402 U.S. 673, 91 S.Ct. 1752, 29 L.Ed.2d 256 (1971).

We think that in the interest of fairness and equity the bank is entitled to the relief it asks for. We realize that there is a possibility that the debtor could have otherwise shown that the bank's interest was adequately protected. We further appreciate the debtor's argument that it will bear the so called "balance of hurt"—a factor which usually merits attention when relief is sought.[14]

But there is a higher principle involved here. Agreed orders are no less binding because they are based on compromise of the parties instead of a unilateral judicial act. The failure to comply with an agreed order is itself actionable. To require that a stay proceeding be held whenever an order supplanting it is violated would be redundant and superfluous. Accordingly, the debtor's challenge, though possibly meritorious in the absence of an agreement, cannot be considered as if no agreement was executed.

Supplementing the agreed order was our directive, precipitated by Octaves' failure to make timely compliance with the order, that Octaves pay the bank its regular monthly payments. This too was not followed, and this too causes us to rule as we do.

Upon the foregoing reasoning and authorities, it is hereby

ORDERED that the debtor, within 30 days of the date of this order:

1. Comply with all substantive terms of the agreed order executed by Family Investments, Inc. and Citizens Fidelity Bank and Trust Company, and

2. Pay to the Citizens Fidelity Bank and Trust Company all regular monthly contractual payments due and owing after May 9, 1980, the date upon which the petition in bankruptcy was filed.

Failure to do so will result in the termination of the automatic stay.

---

14. See e. g. *In re San Clemente Estates*, supra note 5; 2 *Collier*, supra note 2 at 362–47.