**In re G. David BARROWS, Debtor.**

**Leland J. CALISTRI & Ruth E. Calistri, Plaintiffs,**

v.

**G. David BARROWS & William L. Knecht, Esq., Trustee, Defendants.**

**Bankruptcy No. BK 5–81–00233. Adv. No. 5–81–0210.**

United States Bankruptcy Court, M. D. Pennsylvania.

Aug. 13, 1981.

Norman Lubin, Casale & Bonner, P. C., Williamsport, Pa., for plaintiff.

Lester L. Greevy, Jr., Williamsport, Pa., for defendant.

## OPINION

THOMAS C. GIBBONS, Bankruptcy Judge:

This adversary proceeding was brought by the plaintiffs Leland J. Calistri and Ruth E. Calistri pursuant to § 362(d) of the Bankruptcy Code, 11 U.S.C. § 362(d), and Rule 4001 of the Interim Bankruptcy Rules for relief from the automatic stay imposed by § 362(a) following the debtor's filing a petition under Chapter 13 of the Code, 11 U.S.C. § 1301–1330, on March 24, 1981. The plaintiffs seek to modify the stay so as to permit commencement of proceedings to recover certain real property of the plaintiffs which is in possession of the debtor under the terms of an agreement whereby the plaintiffs agree to convey the property to the debtor upon the fulfillment of the conditions stated.

The plaintiffs allege that the debtor has no equity in the property and that they do not have, nor have they been offered, adequate protection for their interest. The plaintiffs further allege that the debtor has no reasonable prospect for rehabilitation.

The Court has decided to lift the stay in this case because we find that the debtor has not furnished the plaintiffs with adequate protection for their interest in the property within the meaning of § 362(d)(1) of the Code.

## FINDINGS OF FACT

1. G. David Barrows, the debtor, filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 24, 1981 and has continued in possession of the property in question since that date.

2. The debtor is purchasing certain real estate at 315–317 and 325–331 Campbell Street, Williamsport, Lycoming County, Pennsylvania, from the plaintiffs pursuant to a written agreement dated April 20, 1979.

3. The plaintiffs are purchasing the same property from one Marvin W. Hoover et ux pursuant to a written agreement dated March 26, 1976.

4. Under the terms of the agreement between the debtor and the plaintiffs, the debtor's monthly payment is $1,469.87.

5. The debtor has failed to submit the monthly payment due for October 1980 and for all subsequent months up until June 23, 1981, the date of the trial of this matter.

6. As of June 23, 1981 the debtor was in default with nine monthly payments (October 1980 through June 1981) totaling $13,-228.83.

7. Under the terms of the agreement between the debtor and the plaintiffs, the debtor is obligated to pay the real estate taxes on the property which are delinquent in the amount of $6,810.18 as of June 23, 1981.

8. Under the terms of the agreement, the debtor is also required to maintain insurance on the property which he has failed to do.

9. The debtor has little or no equity in the property.

10. The debtor has offered no adequate protection to the plaintiffs within the meaning of § 361 of the Code.

11. The debtor has failed to date to file a plan under § 1321 et seq. of the Code.

## DISCUSSION

The filing of a petition under Chapter 13 of the Bankruptcy Code operates as a stay of the enforcement against the debtor of a judgment obtained before the commencement of the Chapter 13 proceeding and a stay of any act to obtain possession of property of the estate or of property from the estate. 11 U.S.C. § 362(a)(2)(3). In the instant case the plaintiffs seek relief from the stay in order to permit them to proceed to obtain possession of certain real estate which is the subject of an agreement of sale between them and the debtor. The plaintiffs allege that the debtor has defaulted under the agreement thereby entitling them to possession.

The automatic stay imposed by § 362 of the Code is subject to termination or modification by the Court for grounds set forth in subsection (d) as follows:

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization."

Plaintiffs allege two grounds for relief from the automatic stay, to wit, (1) lack of

adequate protection of its interest in the property, and, alternatively, (2) that the defendant debtor has no equity in the property and no reasonable prospect for rehabilitation.

■ Under § 362(d) the automatic stay may be terminated, annulled, modified or conditioned for *either* of the two reasons set forth in subsection (d), as evidenced by use of the disjunctive phraseology of (d)(1) and (d)(2). *In re Family Investments, Inc. d/b/a Octaves*, 8 B.R. 572, 7 B.C.D. 194 (Bkrtcy.W.D.Ky.1981); *In re Ruark*, 7 B.R. 46 (Bkrtcy.D.Conn.1980). There is no need to consider the second alternative here since we conclude that the plaintiffs' interest in the property is not adequately protected.

"Adequate protection" as used in the new Bankruptcy Code was derived from the language in *In re Murel Holding Corp.*, 75 F.2d 941 (2d Cir. 1935), where it is said at page 942:

"It is plain that 'adequate protection' must be completely compensatory; ... a creditor ... wishes to get his money or at least the property. We see no reason to suppose that the statute was intended to deprive him of that in the interest of junior holders unless by a substitute of the most indubitable equivalence."

*In re Lake Tahoe Land Co., Inc.*, 5 B.R. 34 (Bkrtcy.D.Nev.1980).

■ Although the term is not precisely defined, § 361 of the Code sets forth three (3) nonexclusive examples of what may constitute "adequate protection" of an interest in property:

(1) periodic cash payments to the extent that the stay results in a decrease in the value of such interest,

(2) an additional or replacement lien to the same extent, or

(3) other relief as will result in the realization of the indubitable equivalent of such interest.

None of these has been offered. Nor is it likely that the debtor will be able to do so. First, the debtor offered no evidence that he is financially able to make periodic cash

payments to cure the present delinquency and also remain current with his payments to the plaintiffs. Secondly, he is not vested with ownership of the subject real estate and consequently cannot convey a security interest in the property to provide adequate security to the plaintiffs. Nor has any other security been offered. Lastly, the debtor has not offered any other relief that would be the "indubitable equivalent" of the plaintiffs' interest in the property. See *In re Bradley*, 3 B.R. 313, 6 B.C.D. 159 (Bkrtcy. E.D.Va.1980). Not only is the debtor delinquent in his monthly installment payments, but he has failed to pay the taxes due on the property and also failed to maintain casualty insurance.

■ As a court of equity, the Bankruptcy Court must consider the impact of the stay on the parties and the "balance of hurt" in fashioning relief. *In re Epps*, 2 B.R. 737, 6 B.C.D. 1979 (S.D.N.Y.) citing 2 Collier on Bankruptcy 362–47 (15th Ed. 1979). We conclude that continuance of the stay will hurt the plaintiffs more than vacating of the stay will harm the rights of the debtor.

■ In seeking relief from automatic stay, the creditor has the burden of proof on the issue of debtor's equity in the collateral, but the debtor has the burden on all other issues including adequate protection of the creditor. 11 U.S.C. § 362(g); *In re San Clemente Estates*, 5 B.R. 605 (Bkrtcy. Cal.1980). Here, we conclude that the debtor has failed to sustain his burden of proving that he has furnished the plaintiffs with adequate protection for their interest in the property.

## CONCLUSIONS OF LAW

1. The debtor is in default of the agreement with the plaintiffs dated April 20, 1979.

2. The debtor has not sustained his burden of proving that he has furnished the plaintiffs with adequate protection for their interest in the property within the meaning of § 362(d)(1) of the Code.

3. The plaintiffs are entitled to relief from the automatic stay imposed under 11 U.S.C. § 362(a) for cause, including lack of adequate protection of their interest in the subject property.