In the Matter of KARL A. NEISE, INC., Modern Tools Corp., Debtors.

Bankruptcy Nos. 81–01424–BKC–SMW, 81–01425–BKC–JAG.

United States Bankruptcy Court, S. D. Florida.

Oct. 23, 1981.

Britton, Cohen, Miami, Fla., for debtor.

Irving Wolff, Miami, Fla., for Carla & Jaryn.

Steven R. Brownstein, Miami, Fla., for Continental Bank.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on to be heard upon applications filed by secured creditors for adequate protection and for an order prohibiting the use, sale or lease of collateral by the herein Debtors. This Court, having heard the testimony of witnesses and having examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

Applicants are Continental Bank, which asserts a perfected first lien in the Debtors' inventory, equipment and accounts receivable, and Carla Holdings, Inc. ("Carla") and Jaryn Enterprises, Inc., ("Jaryn"), which jointly claim a second lien. At the hearing on the applications, Continental Bank withdrew its application, and Carla and Jaryn and the Debtors presented testimony and documentary evidence.

Continental Bank claims it is owed approximately $190,000.00; Carla and Jaryn claim that they are owed approximately $300,000.00. Carla and Jaryn, however, were unable to produce and introduce in evidence an original promissory note evidencing the debt claimed. After considering the testimony presented and examining documents in evidence, including a financial statement prepared by the Debtors prior to the inception of these Chapter 11 proceedings, it appears to the Court that there is little if any equity beyond the first lien in the Debtors' inventory, equipment and accounts receivable. It further appears that the Debtors are currently acquiring additional inventory on a cash basis, thereby increasing the value of their inventory. This Court has also considered the Report of the Examiner appointed by this Court, which was filed subsequent to the hearing on this matter and which absolves the Debtors' management of any misconduct.

■ Title 11 U.S.C. § 363(e) provides that, on the request of an entity having an interest in property of a debtor, the Court shall prohibit or condition such use, sale or lease of such property as is necessary to provide adequate protection of such interest. The burden of proof on the issue of adequate protection falls on the Debtors. The term "adequate protection" is illustrated by example, rather than defined with precision, in 11 U.S.C. § 361, and includes periodic cash payments, the grant of an additional replacement lien, or such other relief as the Court may fashion to protect the interest of an entity and property of a debtor. What constitutes adequate protection varies with the facts and circumstances of each particular case, and this Court has discretion to determine what form of protection reflects the spirit and intent of § 361. *In re Lackow Brothers, Inc.*, 10 B.R. 717, 720 (U.S.Bkrtcy.S.D.Fla.1981); *In re Family Investments, Inc.*, 8 B.R. 572 (Bkrtcy.W.D.Ky.1981).

Clearly, however, the primary purpose of § 361 is to insulate the interest of a secured creditor in a debtor's property from diminution of value resulting from the delay in enforcing its rights occasioned by a debtor's need for time to work out its problems and reorganize its business under the protection of the automatic stay prescribed by 11 U.S.C. § 362. Thus, the purpose of adequate protection is not to protect the secured creditor from loss *per se*, but to maintain the status quo and prevent any additional loss due to delay after a debtor files its petition in this Court. *See, In re Alyucan Interstate Corp.*, 12 B.R. 803, 808–809 (Bkrtcy.D.Utah 1981).

■ On the record presented, this Court finds that at this time adequate protection can be provided and the status quo can be maintained. From the standpoint of the secured creditors of this estate, the value of the inventory securing their liens is diminished by depletion through sales and by obsolescence. Although the Debtors are increasing their inventory, 11 U.S.C. § 552 expressly precludes pre-petition security interests from attaching automatically to post-petition inventory. If these liens could be extended to property acquired by the Debtors' post-petition, the secured creditors would be adequately protected here, where inventory value is increasing. As this Court is expressly permitted to grant an additional lien to protect entities such as these creditors, it will, therefore, authorize and direct the Debtors to grant additional liens in their post-petition inventory, equipment and accounts receivable to both Continental Bank and Carla and Jaryn in order to afford them adequate protection and preserve their relative priorities in the assets subject to their respective liens.

The Court will condition the further use, sale or lease of inventory and equipment by the Debtors on the Debtors' forthwith granting such liens to Continental Bank and Carla and Jaryn. The Court will also allow the Debtors to use the proceeds from post-petition inventory and accounts receivable in the normal operation of their business.

This determination concerning adequate protection assumes the validity of the inventory liens and is without prejudice to the right of any party in interest to request a determination of the validity, priority and extent of those liens. Similarly, this determination is without prejudice to the rights of these lien creditors to seek additional adequate protection in the event of a material adverse change in the facts and circumstances upon which this determination is based.