In re Marjorie W. JOHNSTON, Debtor.

The MARBLE SAVINGS BANK, Plaintiff,

v.

Marjorie W. JOHNSON, Defendant.

Bankruptcy No. 83–2.
Adv. No. 83–0008.

United States Bankruptcy Court, D. Vermont.

March 3, 1983.

S. Stacy Chapman, III, Rutland, Vt., for the Marble Savings Bank.

David D. Robinson, Rutland, Vt., Trustee, pro se.

Marjorie W. Johnston, debtor, pro se.

Richard Smith, Rutland, Vt., for Mr. and Mrs. Stratton, second mortgage holders.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

This adversary proceeding was brought by the Marble Savings Bank pursuant to § 362(d) of the Bankruptcy Code, 11 U.S.C. § 362, for relief from the automatic stay imposed by § 362(a) upon the debtor's filing a Petition for Relief under Chapter 13 of the Code on January 4, 1983. The Marble Savings Bank seeks to modify the stay in order to proceed with its foreclosure action instituted on December 10, 1982 due to the failure of the debtor to abide by her obligations as set forth in a promissory note and mortgage deed, executed in favor of the bank on March 2, 1979.

A final hearing was held on the Complaint for Relief on February 24, 1982, at which time testimony and other evidence were submitted by the parties. The plaintiff has not only attempted to show that there is no adequate protection of its interest but it has also attempted to prove that the debtor has no equity in the property and that the property is not necessary for an effective plan of reorganization.

The Court has concluded that the stay in the instant case, as applicable to the Marble Savings Bank, should be lifted in that the Court finds that the debtor has not furnished the bank with adequate protection for its interest in the property within the meaning of § 362(d)(1) of the Code. The Court further notes that the Marble Savings Bank has proven that the debtor has no equity in the property at 46 Pine Street, Rutland, Vermont. On the other hand, the debtor has failed to show that the property is necessary, or that the property could be rendered necessary, to an effective rehabilitation of the debtor. As such, relief from stay should similarly be granted on the grounds of § 362(d)(2) of the Code.

## FACTS

On March 2, 1979, Marjorie W. Johnston executed and delivered to the Marble Savings Bank a promissory note and a mortgage deed, in the process of purchasing certain land and premises located at 46 Pine Street, Rutland, Vermont. The note in the sum of $16,000.00 required the debtor to make monthly payments beginning on April 1, 1979. The mortgage deed, through its conditions, required the debtor to pay the taxes, and insurance, as well as preserve and maintain the premises. The total purchase price at the time the debtor negotiated the purchase was $25,000.00.

From 1979 through February, 1982, the debtor rented portions of the premises at 46 Pine Street to various individuals. As such, the debtor received rental income during that period from the premises. However, in December of 1981, Lawrence A. LaMontagne, Building Inspector and Zoning Administrator for the City of Rutland, inspected the property at 46 Pine Street, after receiving complaints from the buildings tenants, neighbors, and the Health Department. The December inspection revealed 16 violations of applicable Safety & Building Codes. The debtor was notified of the violations on or about December 31, 1981. The debtor subsequently determined that it would be more convenient to make the necessary repairs when the building was empty. As such, the building was vacated in February of 1982 and has remained vacant to the present time.

On December 1, 1982 a fire occurred in the vacant premises of 46 Pine Street which caused extensive damage. Because of this damage the City of Rutland requested the mortgage-holder, Marble Savings Bank, to clean up and secure the property. The bank immediately contacted Giancola Construction Corp., which boarded up the windows and removed the debris at a cost of approximately $1,049.00. The Debtor was not notified of the fire nor was permission obtained to hire Giancola to secure the building. In fact, the debtor only discovered that a fire occurred when she happed to visit the property the following day. How-

ever, even though unrequested, the bank has now added these expenses to the principal due and owing on the note of March, 1979. Insurance proceeds of $6,000.00 are available.

The debtor has indicated that she believes the $6,000.00 of fire insurance proceeds would not only repair the fire damage but repair the code violations as well. As such, the debtor believes the building at 46 Pine Street could once again be used as a boarding house and, in effect, be income producing property. However, Inspector LaMontagne indicated that additional code violations have occurred since the 1981 inspection, and that those would have to be remedied prior to occupancy. Inspector LaMontagne, a building contractor with 20 years experience, also indicated that in his opinion the best course would be to raze the building and start over, although a course of repair could possibly be done for approximately $12,000.00. Mr. LaMontagne also added that if the building were to be used as a rooming house the debtor would need a Rutland City license as well as various other permits. As such it appears to the Court that at least $6,000.00 of repairs and probably more would be needed to convert 46 Pine Street from its current state of disrepair. It further appears that the debtor has taken no steps to secure the necessary permits or licenses to operate the building, as suggested. Thus, the debtor's proposed course of action in regards to 46 Pine Street does not appear to be viable.

Since the fire the Marble Savings Bank has had an appraisal done on 46 Pine Street. Nancy Brooks appraised the property on December 9, 1982, at which time she determined the market value of the property to be $24,000.00. In making the appraisal Ms Brooks indicated that the market value was contingent upon the repair of the fire damage, replacement of all windows, and the removal of all trash and debris. Therefore, it appears that without the repairs the present value of the premises is $18,000.00 or less, since their cost amounts to at least $6,000.00.

The debtor is delinquent on the note of March, 1979. From April 1, 1979 through May, 1982 the debtor made 37 payments. Of those 37 payments approximately 24 payments were late. Dorothy DeCota, Manager of the Collection Department of the Marble Savings Bank, indicated that the debtor is currently delinquent for the past nine months and that the account is due and owing, as follows:

| | |
|---|---|
| $19,047.03 | principal |
| 1,388.63 | interest |
| 72.67 | late charges |
| $20,508.33 | |
| 1,000.00 | estimated attorney's fees |
| $21,508.33 | |

Mrs. DeCota further indicated that the principal, as stated above, included the balance on the note, payments to the City of Rutland for taxes, as well as the clean-up expense from the fire. Mrs. DeCota also stated that this was not the first account the bank had with the debtor. The prior mortgage and note was for the debtor's previous business, "Johnny's Grandstand", which resulted in payment delinquencies and subsequent foreclosure.

The debtor has indicated that there is also a foreclosure proceeding pending on her present business, "Johnny's in Bennington". However, the debtor has stated that she hopes to obtain a loan from the Small Business Administration in order to save that business. The debtor also conceded that there have been other foreclosures, although she attributes those to the death of her fiancee and the deficiency from the mortgage on "Johnny's Grandstand".

At the present time there are additional liens against the debtor's property at 46 Pine Street. These liens are approximately $5,000.00 in favor of the federal and state tax authorities; $10,000.00 in favor of Peter Chilos; and $2,500.00 in a second mortgage to Frank and Shirley Stratton. Peter Chilos has also instituted an action to foreclose.

## LAW

The filing of a petition under Chapter 13 of the Bankruptcy Code operates as a stay of the commencement or continuation of a judicial proceeding against the debtor. In the instant case the debtor's filing on January 4, 1983 stayed the Marble Savings Bank's action for foreclosure initiated on December 10, 1982. The bank now seeks relief from the stay in order to proceed with its foreclosure action.

The automatic stay is subject to termination or modification by the Court for the grounds set forth in subsection (d) of § 362 of the Code. As stated in § 362(d):

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by termination, annulling, modifying, or conditioning such stay—

"(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

"(2) with respect to a stay of an act against property, if—

"(A) the debtor does not have an equity in such property; and

"(B) such property is not necessary to an effective reorganization."

The plaintiff, in its complaint, has alleged lack of adequate protection as the ground for relief. However, in presenting its case, the plaintiff has set out both grounds as set forth above. Section 362(d) allows relief for either of the two grounds, as evidenced by the use of the disjunctive phraseology. *In re Barrows*, 15 B.R. 338, 340 (Bkrtcy.M. D.Penn.1981). In the instant case both grounds are applicable and relief can be granted under either. Therefore, the Court's analysis shall consider both.

There is no precise definition for the term "adequate protection" as used in the Code. However, Section 361 of the Code sets forth three examples of what may constitute "adequate protection". As stated in § 361:

... adequate protection may be provided by—

(1) requiring ... periodic cash payments ... to the extent that the stay ... results in a decrease in the value of such entity's interest...

(2) providing to such entity an additional or replacement lien to the extent

that such stay . . . results in a decrease in the value of such entity's interest . . .

(3) granting such other relief . . . as will result in the realization by such entity of the indubitable equivalent of such entity's interest . . .

None of these have been offered by the debtor and the burden of proving all other issues, including adequate protection of the creditor, is upon the debtor. 11 U.S.C. § 362(g). While the debtor has presented some indicia that she would make periodic payments, the debtor has failed to present adequate evidence of where she would obtain the sum to make such payments. The debtor does not appear to be in any financial condition to cure the deficiency by periodic payments and remain current on present payments. This conclusion is made in view of the fact that the debtor's main source of income, "Johnny's of Bennington" is also pending foreclosure. The debtor's alternative source of income from 46 Pine Street is in need of costly repair and is contingent upon obtaining the necessary licenses and permits. The debtor has also alleged that a loan from SBA might provide funds although no evidence was submitted to prove that allegation. As such, periodic payments is not a viable source of adequate protection.

As for a replacement lien or "indubitable equivalent" the debtor has again failed to present any evidence upon which adequate protection could be found. As such the Court must conclude that the lack of adequate protection is sufficient cause to grant relief from the stay pursuant to § 362(d)(1) in the case herein.

The Marble Savings Bank has also sought to prove that it is entitled to relief from stay under § 362(d)(2). The bank has the burden of proving that the debtor has no equity in the property pursuant to § 362(g). This Court concludes that the bank has met its burden.

The bank presented evidence, through an expert appraiser, that the present market value of 46 Pine Street is $24,000.00. This appraisal is contingent upon certain repairs and clean-up which the debtor has conceded would cost approximately $6,000.00. There was also persuasive evidence that the ultimate cost of reparation might be as much as $12,000.00. In either event, it appears that the present value of 46 Pine Street is less than $18,000.00. As such, the bank's interest clearly exceeds the property value and, therefore, there is no equity in the debtor or "equity cushion" upon which the debtor may rely.

The Court must now consider whether the property at 46 Pine Street "is not necessary to an effective reorganization" of the debtor. The Court immediately notes that there has been a considerable divergence of opinions by the Courts as to whether § 362(d)(2) applies in Chapter 13 cases. Much of the controversy stems from the use of the word "reorganization" in that paragraph. While there are cases which have held the subsection inapplicable to Chapter 13 cases, *In re Feimster,* 3 B.R. 11 (Bkrtcy. N.D.Ga.1979), *In re Sulzer,* 2 B.R. 630 (Bkrtcy.S.D.N.Y.1980), *In re Breuer,* 4 B.R. 499 (Bkrtcy.S.D.N.Y.1980); there are equally as many opinions which have applied § 362(d)(2) to such cases. *In re Buschardt,* 9 B.R. 400 (Bkrtcy.S.D.Tex.1980), *In re Ruark,* 7 B.R. 46, 49 (Bkrtcy.Conn.1980), *In re Zellmer,* 6 B.R. 497 (Bkrtcy.N.D.Ill.1980). In fact, this Court has previously considered § 362(d)(2) in the context of a Chapter 13 case, although it was not necessary to consider "reorganization" since the plaintiff failed to meet the "equity" burden. *In re Bradley,* 18 B.R. 280 (1982).

In the instant case, it is once again unnecessary to decide the issue of whether § 362(d)(2) should be applied in Chapter 13 cases since other ground for relief exist. However, if subsection (d)(2) is applied in the instant case, relief would still be granted since the Debtor failed to show that the property at 46 Pine Street would be necessary for an effective reorganization. The basic premise for reorganization as stated in *In re Dublin Property,* 12 B.R. 77, 4 C.B. C.2d 885, 889 (Bkrtcy.E.D.Penn.1981), is:

. . . that in order for property to be necessary for an effective reorganization of a debtor it must be demonstrated that an effective reorganization is possible. If no reorganization of a debtor is feasible, then no property of that debtor can be

necessary for that end. See e.g. *In re Riviera Inn of Wallingford, Inc.*, 7 B.R. 725 (Bkrtcy.D.Conn.1980) (other citations omitted)...

The Debtor in the instant case has not submitted a viable plan from which the Debtor could be rehabilitated or reorganized. The major source of the Debtor's income is in foreclosure. The Debtor's alternative source of income, the property at 46 Pine Street, is presently, at best, speculative. And there has been no evidence that the loan from the SBA upon which the Debtor relies will be made. As such, the Debtor's reorganization does not appear possible. Therefore, the property would not appear to be necessary for any reorganization, and relief should be granted to the Bank pursuant to § 362(d)(2).

### ORDER

Now, therefore, upon the foregoing:

IT IS ORDERED:

1. That the Marble Savings Bank is GRANTED relief from the automatic stay.