In re John L. COOLEY and Nancy A. Cooley, Debtors.

Robert J. SMITH and Esther Smith, Plaintiffs,

v.

John L. COOLEY and Nancy A. Cooley, Defendants.

Bankruptcy No. 82–01367.
Adv. No. 82–2834.

United States Bankruptcy Court, E.D. Pennsylvania.

March 15, 1984.

Michael A. Filingo, Zito, Martino & Karasek, Bangor, Pa., for plaintiffs.

David A. Scholl, Lehigh Valley Legal Services, Bethlehem, Pa., for defendants.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this adversary proceeding, the plaintiffs, pursuant to Section 362(d) of the Bankruptcy Code, 11 U.S.C. § 362(d), seek relief from the automatic stay so that they may proceed with a state law action to obtain possession of a mobile home which the Chapter 13 debtors-defendants agreed to purchase from the plaintiffs under a long-term agreement of sale. For the reasons hereinafter given, we shall grant the relief requested by the plaintiffs.[1]

The facts essential to our resolution of this matter are rather simple and will be briefly stated. On February 20, 1981, the plaintiffs and the defendants entered into a long-term agreement of sale, by which the defendants agreed to purchase a mobile home from the plaintiffs for $30,000.00, payable by a down payment of $2,500.00 on the date of purchase and 180 successive monthly installment payments of $338.96 each, the latter being evidenced by a judgment note. Under the agreement, various state law remedies were available to the plaintiffs should the defendants default.

The defendants defaulted under the agreement. The plaintiffs then pursued their state law remedies in state court until they were stayed by the defendants' filing of their Chapter 13 bankruptcy petition in our Court on March 30, 1982. The plaintiffs subsequently filed their Complaint for relief from the stay.

As of the date of the final hearing on this matter, the defendants were fourteen months in arrears in their payments to the plaintiffs, representing four months of pre-petition arrearages and ten months of post-petition arrearages, with no payments having been made to the plaintiffs for approximately seven months.

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

On the date of the final hearing, the defendants filed their Chapter 13 Plan, which, it appears, is the chief means they have offered, or can offer, to attempt to adequately protect the plaintiffs' interest in the mobile home. The defendants have conceded that their present income is far from sufficient to comply with their proposed Chapter 13 Plan.[2] As to the defendants' future income prospects, Mr. Cooley testified that he has a pending claim for workmen's compensation, from which he hopes to recover approximately $2,000.00 to $5,000.00 in about four months. However, it is clear from the record that a recovery even significantly in excess of $2,000.00 would not be sufficient to comply with the Chapter 13 Plan and adequately protect the plaintiffs. Mr. Cooley also testified that his wife recently filed a claim for unemployment compensation benefits, that he is looking for a job, and that he feels that he has one good job prospect.

Mr. Cooley explained that the arrearages of fourteen months owed to the plaintiffs resulted simply from the defendants' financial inability to make the payments.

Finally, the defendants have minimal, if any, equity in the subject mobile home.

Section 362(d) of the Bankruptcy Code, 11 U.S.C. § 362(d), states:

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization."

The plaintiffs' request for relief from the stay is based upon both § 362(d)(1) and § 362(d)(2). In that we shall find in favor of the plaintiffs pursuant to § 362(d)(1), we need not consider the issues under § 362(d)(2).

■ The plaintiffs are entitled to relief from the stay pursuant to § 362(d)(1) because the defendants have failed to provide adequate protection of the plaintiffs' interest in the subject mobile home. The term "adequate protection" is not defined in the Bankruptcy Code. At the least, however, it means that a secured creditor must be given reasonable assurance that the value of its secured interest in an item of property is, and will continue to be, protected by the debtor.

Under Section 362(g)(2) of the Bankruptcy Code, 11 U.S.C. § 362(g)(2), the debtor has the burden of proof on the adequate protection issue.

■ In the present case, the defendants argue that their proposed Chapter 13 Plan provides adequate protection of the plaintiffs' interest in the mobile home. However, as indicated *supra,* the defendants' ability to comply with the Plan is speculative, being contingent upon one or more prospects for increased income, none of which the defendants can attest to with any significant degree of specificity or certainty. Therefore, we find that the defendants have failed to satisfy their burden of proof that their proposed Chapter 13 Plan provides adequate protection of the plaintiffs' interest. There are many cases which have found a lack of adequate protection in debtors' proposals where those proposals have been speculative, contingent, uncertain, unspecific, or tenuous. See, for example, *In re Philadelphia Consumer Discount Company,* 37 B.R. 946, 950–952, (E.D.Pa., 1984), *Ukrainian Sav. and Loan Assoc. v. Trident Corp.,* 22 B.R. 491, 496 (D.C., E.D.Pa. 1982); *In re Jones,* 26 B.R. 142 (Bkrtcy. E.D.Pa.1983); *In re A.Z.J.Z., Inc.,* 22 B.R.

---

**2.** A confirmation hearing regarding the defendants' proposed Chapter 13 Plan has not as yet been held.

966, 968 (Bkrtcy.E.D.Pa. 1982); *In re Johnston,* 29 B.R. 106, 109–110 (Bkrtcy.Vt.1983).

The defendants also argue that they have equity in the mobile home and that the resulting so-called "equity cushion" provides adequate protection of the plaintiffs' interest. However, as stated *supra,* the defendants, at best, have only minimal equity in the mobile home. Such minimal equity is insufficient to provide a meaningful equity cushion particularly where, as here, whatever equity cushion that may exist has been steadily eroding due to the defendants' aforementioned payment delinquencies. See *Ukrainian Sav. and Loan Assoc. v. Trident Corp., supra; In re A.Z.J.Z., Inc., supra; In re Winslow Center Associates,* 32 B.R. 685 (Bkrtcy.E.D.Pa.1983).

For all of the foregoing reasons, we conclude that the plaintiffs are entitled to relief from the automatic stay pursuant to § 362(d)(1) of the Bankruptcy Code.