**In re Doyle CHISM, Norma Chism, Debtors.**

**Bankruptcy Nos. 83–01066, 83–01067.**

United States Bankruptcy Court, M.D. Alabama, S.D.

April 5, 1985.

Salem N. Resha, Jr., Birmingham, Ala., for petitioner, Army Aviation Center Federal Credit Union.

William C. Carn, III, Dothan, Ala., for debtors, respondents.

## OPINION ON ORDER GRANTING MOTION TO LIFT STAY

### (Army Aviation Center Federal Credit Union)

RODNEY R. STEELE, Bankruptcy Judge.

Creditor filed a motion to lift stay to foreclose on certain real property which served as security for a note by debtor. This note and mortgage were in default at the filing of reorganization and creditor alleged no adequate protection. Debtor joined issue with a defense of equity in the property.

The case was called April 27, 1984, and continued twice until trial July 27, 1984, before the Honorable Leon J. Hopper in Dothan, Alabama. Testimony was taken from Kirk Sasser, Assistant Manager of the Credit Union, Jim Tindel, real estate appraiser for petitioners, and Doyle Chism, defendant-debtor.

Before an opinion and order entered, Judge Hopper died, and this matter was scheduled to be heard October 18, 1984, by the undersigned. It was determined at that time that the petition for relief ought to be set for rehearing November 29, 1984, unless the parties mutually agreed to a submission upon the bench notes and the record made July 27, and provided the court with a transcript of the evidence. When the case was called November 29, 1984, no person appeared on behalf of the Credit Union, no transcript, and no mutual agreement to submit were presented and petitioner was denied relief from automatic stay. On December 26, 1984, the Credit Union moved for reconsideration. At the hearing set February 13, 1985, the motion was granted. The parties agreed to submit on prior testimony on the original motion to lift stay.

## ISSUE PRESENTED

Whether debtor has provided secured creditor, Army Aviation Center Federal Credit Union with adequate protection.

## FINDINGS OF FACT

At the filing of a petition for reorganization under the Bankruptcy Code August 22, 1983, Doyle and Norma Chism (debtors), were owners of several business enterprises and land holdings. One of the real estate parcels was subject to Army Aviation Center Federal Credit Union mortgage and consisted of a five bedroom house on about 2⅓ acres and approximately 23 small unimproved building lots. The principal amount of the mortgage made August 1982 was $100,000, and was due to be paid in a single payment February 22, 1983. The note and mortgage had been in default six months when the petition in bankruptcy was filed.

At the time of trial the uncontroverted and fully creditable appraisal testimony established the liquidation value of the house at $50,000, and the lots at $64,200. The debt was in the amount of $130,788.03.

Certain other facts were found:

1. that interest was accruing at the rate of $46.58 per day;

2. that at the date of trial, no payments had been made to Credit Union;

3. that the house was vacant;

4. that the house was deteriorating;

5. that repairs were not being made on the house;

6. that some of the lots had been sold off;

7. that debtor feared a sale of the property by Credit Union would result in a deficiency;

8. that the property was not vital to a plan or reorganization.

Debtors at the time of this decision have filed no disclosure statement or plan or reorganization.

## CONCLUSIONS OF LAW

Credit Union seeks to have the automatic stay lifted under Title 11, United States Code, Section 362(d) to proceed with foreclosure.

Three portions of the Code are relevant in deciding whether creditor is entitled to relief. Section 362(d) reads:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property under subsection (a) of this section of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Section 362, subsection (g):

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

Section 361:

§ 361. Adequate protection. When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

(1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

Because the court finds that debtor had no equity in the collateral and that the property is not necessary for reorganization, the sole remaining question is whether debtor has afforded Credit Union with adequate protection.

 The absence of an equity cushion is not necessarily fatal to the automatic stay if the creditor is protected against a decrease in value. See *In re Sam Clemente Estates*, 5 B.R. 605 (B.C.S.D.Cal.1980), *In re Pine Lake Village Apartment Co.*, 19 B.R. 819 (B.C.S.D.N.Y., 1982), reh. denied, 21 B.R. 478 (1982). Other forms of protection may be given:

A. Periodic payments. *In re Five-Leaf Clover Corp.*, 6 B.R. 463 (D.W.Va.1980).

B. The giving of additional or replacement security. *In re Inforex Inc.*, 9 C.B. C.2d 159 (D.Mass.1979).

C. The granting of other relief. *In re Alyucan Interstate Corp.*, 12 B.R. 803 (B.C.D.Utah 1981).

 In this case, however, debtor offered no protection to the creditor other than a possible equity cushion unsupported by credible testimony. *In re Family Investments, Inc.*, 8 B.R. 572 (B.C.W.D.Ky. 1981). The value of the collateral has steadily dropped while the debt has increased. Admissions by debtor that the property in question was in need of repair have been considered in the court's determination that Credit Union has not been afforded adequate protection.

It is therefore ORDERED that the Motion to lift stay filed by Army Aviation Center Federal Credit Union is hereby granted.