**In re Arthur and Janet HAMILTON, Debtors.**

**Arthur and Janet HAMILTON, Appellant/Cross–Appellees,**

v.

**LOMAS MORTGAGE U.S.A., Appellee/Cross–Appellant.**

**Nos. 89 C 257, 88 B 9923.**

United States District Court, N.D. Illinois, E.D.

May 22, 1989.

See also, D.C., 95 B.R. 564.

Reuben Miller, Chicago, Ill., for appellants/cross-appellees.

Richard L. Hirsh and Bashaw & Associates, P.C., Hinsdale, Ill., for appellee/cross-appellant.

## ORDER

BUA, District Judge.

Appellants/cross-appellees Arthur and Janet Hamilton ("the Hamiltons") filed a Chapter 13 bankruptcy petition on June 28, 1988. On November 10, 1988, Bankruptcy Judge Susan Pierson DeWitt issued an order modifying the automatic stay which had taken effect at the filing of the Hamiltons' petition. Judge DeWitt issued the order in response to the "Motion to Modify Automatic Stay or Dismiss Petition" filed by appellee/cross-appellant Lomas Mortgage U.S.A. ("Lomas"), one of the Hamiltons' creditors. The order denied Lomas' motion to the extent that it sought dismissal of the Hamiltons' bankruptcy petition. However, the order granted Lomas' request for modification of the automatic stay to permit Lomas to proceed with its foreclosure action against the Hamiltons' residence.

The Hamiltons filed this appeal, pursuant to 28 U.S.C. § 158(a), challenging the bankruptcy court's modification of the automatic stay. Lomas countered with a cross-appeal contesting the bankruptcy court's denial of Lomas' motion to dismiss. For the reasons stated herein, this court affirms the decision of the bankruptcy court modifying the automatic stay. Since Lomas has stipulated that the cross-appeal is moot if Lomas prevails on the Hamiltons' appeal, the court dismisses the cross-appeal.

## FACTS

The Hamiltons first filed for bankruptcy on November 30, 1987. At that time, Lomas, which holds the first mortgage on the Hamiltons' residence, filed a proof of claim for mortgage arrearages in the amount of $5,221.81. Lomas then obtained relief from the automatic stay and began foreclosure proceedings on the Hamiltons' residence. Shortly thereafter, the Hamiltons' first bankruptcy petition was dismissed due to the Hamiltons' failure "to appear and/or submit requested documentation ... for over (ninety-one days)."

The Hamiltons then filed their second Chapter 13 petition—the one at issue in this appeal. Therein, the Hamiltons listed the value of their residence as $52,500. Lomas again filed its proof of claim, which indicated that the amount of the Hamiltons' mortgage arrearages had risen to $7,067.16, reflecting twelve overdue payments of $588.93 for the period from July 1987 through June 1988. Lomas also claimed late charges, foreclosure fees and costs, and bankruptcy fees, which raised its total arrearage claim to $9,741.83. Combining that figure with the principal remaining on the Hamiltons' mortgage, $42,-

930.21, Lomas' entire secured claim totaled $52,672.04.

On July 25, 1988, Lomas filed its motion requesting dismissal of the Hamiltons' petition or modification of the automatic stay. In support of its motion, Lomas argued that the petition should be dismissed because it was filed in bad faith and because the Hamiltons willfully failed to prosecute their prior Chapter 13 petition in violation of Section 109(g)(1) of the Bankruptcy Code, 11 U.S.C. § 109(g)(1). Alternatively, Lomas maintained that based on the significant increase in arrearages since the Hamiltons' prior petition, the automatic stay should be lifted to permit Lomas to proceed with foreclosure on the Hamiltons' residence. The bankruptcy court set Lomas' motion for a hearing to be held August 15, 1988. At the conclusion of the August 15 hearing, Judge DeWitt took the matter under advisement. On November 10, 1988, Judge DeWitt issued a written order denying Lomas' motion to dismiss but granting Lomas' request for modification of the stay. The court held:

> [The Hamiltons] are in substantial arrears on their mortgage payments. The amount of Lomas' arrearage claim has nearly doubled since the prior Petition was filed. Additionally, the [Hamiltons] have failed to provide Lomas with any adequate protection. Therefore, the automatic stay shall be modified to allow Lomas to proceed with its foreclosure action against the [Hamiltons'] residence.

Curiously, however, prior to ruling on Lomas' motion, the bankruptcy court entered an order confirming the Hamiltons' Chapter 13 plan. Pursuant to that plan, confirmed by Judge DeWitt on September 12, 1988, the Hamiltons were to pay $523 per month for 52 months to satisfy all of the claims of their secured creditors, including Lomas. Despite the fact that Judge DeWitt's subsequent decision to modify the automatic stay seriously disrupted the Hamiltons' Chapter 13 plan, Judge DeWitt's November 10 order made no mention of her prior confirmation of the plan. In fact, that plan apparently remained in effect until January 11, 1989, at which time the bankruptcy court denied the Hamiltons' motion requesting reconsideration of the November 10 order and a rehearing on Lomas' motion. In its January 11 order, the bankruptcy court reduced the monthly payments due under the Hamiltons' Chapter 13 plan, apparently to reflect the fact that Lomas' secured claim would not be included in the plan due to the modification of the stay. After the denial of their motion for reconsideration, the Hamiltons initiated this appeal.

## DISCUSSION

The Hamiltons advance several arguments contesting the bankruptcy court's decision to modify the stay. Their first argument is that the bankruptcy court erred in finding that Lomas' secured interest was not adequately protected. The Hamiltons maintain that the court made this finding by relying on Lomas' proof of claim, which indicated that the arrearages had "nearly doubled since [the Hamiltons] prior [bankruptcy] petition was filed." The Hamiltons argue that the bankruptcy court should not have relied on Lomas' proof of claim for the arrearage figure because Lomas improperly included court costs and fees in its calculation of arrearages. The Hamiltons further contend that even if the bankruptcy court was justified in relying on Lomas' arrearage figure, the mere fact that the arrearages had nearly doubled was an insufficient basis on which to find that Lomas' interest was not adequately protected.

This court, however, finds no error in the bankruptcy court's determination that Lomas' interest was inadequately protected. Contrary to the Hamiltons' argument, nothing in the bankruptcy court's November 10 order indicates that the court relied solely on the amount of arrearages set forth in Lomas' proof of claim in finding Lomas lacked adequate protection. In fact, the court did not need to rely on Lomas' proof of claim at all. The Hamiltons' own petition provided much of the information from which the bankruptcy court could have properly determined that Lomas' interest was not adequately protected. The petition indicated that arrearages had accumulated

to $8,886.55 by June 1988. This represented more than a 70 percent increase in arrearages since the filing of the Hamiltons' prior petition, when arrearages were $5,221.81. The petition further indicated that the principal outstanding on the Hamiltons' mortgage was $42,971.54. Thus, the Hamiltons' own figures show that Lomas' secured claim had already risen to approximately $51,858.09[1] at the time the Hamiltons filed their petition. This secured debt was dangerously close to the value of the security—listed as $52,500 on the Hamiltons' petition. The Hamiltons' petition also sets forth that they had failed to make a mortgage payment for an entire year at the time their second petition was filed. In addition, the record is devoid of any indication that the Hamiltons made post-petition mortgage payments. As a result, they lacked equity in their residence by the time the bankruptcy court decided Lomas' motion.

■ Considering all of these circumstances, the bankruptcy court was justified in finding that Lomas lacked adequate protection. Although the term "adequate protection" is not defined by the Bankruptcy Code, the term generally has been held to mean that "[a] secured creditor must be given reasonable assurance that the value of its secured interest in an item of property is, and will continue to be, protected by the debtor." *In re Cooley*, 37 B.R. 590, 592 (Bankr.E.D.Pa.1984). Courts have held that where, as in this case, the debtors' equity cushion has steadily eroded and the debtors have consistently failed to make their payments for an extended period, the secured creditor does not have sufficient assurance that the value of his secured interest will continue to be protected. *Ukrainian Savings & Loan Assoc. v. Trident Corp.*, 22 B.R. 491, 495 (E.D.Pa.1982); *Cooley*, 37 B.R. at 593. Therefore, the bankruptcy court had a sufficient basis for its finding that Lomas' secured interest in the Hamiltons' residence was inadequately protected.

The Hamiltons argue, however, that even if Lomas' secured interest was not adequately protected, the bankruptcy court erred in lifting the stay. The Hamiltons contend that the bankruptcy court should not have lifted the stay because the court had already confirmed their Chapter 13 plan by the time it entered the November 10 order. This court agrees that the manner in which the bankruptcy court handled this case procedurally was unusual, if not ill-advised. The more conventional and appropriate procedure would have been to hold decision on confirmation of the Hamiltons' plan in abeyance pending the outcome of Lomas' motion requesting dismissal of the petition or modification of the stay. Confirming the plan after the motion was filed and argued but before the motion was resolved only created unnecessary confusion. Moreover, confirming the plan at that juncture was inefficient because the plan would require modification if the court subsequently decided—as it did—to lift the stay.

■ Nevertheless, this court finds that the bankruptcy court procedure did not result in reversible error. The Hamiltons do not cite, and this court does not find, any Bankruptcy Code provision or case law which prohibited the bankruptcy court from modifying the stay after confirming the plan. In fact, the law appears to support the court's decision. Under § 1329 of the Code, the bankruptcy court maintains the power to modify a plan even after confirmation. Although § 1329 is generally applied where there are post-confirmation changes in circumstances, which are absent here, § 1329 supports the general proposition that confirmation of the debtor's plan is not an inflexible or unalterable decision. Section 1327 of the Code also appears to jibe with the court's decision. While § 1327 provides that confirmation of the plan "binds the debtor and each creditor," that section does not purport to limit the bankruptcy court's power to modify the plan. Moreover, § 1327 cannot be applied in this case to hold Lomas bound by the

---

1. This figure is derived by adding the principal to the arrearages. It is only an approximation

since payment of the arrearages would slightly reduce the principal balance.

confirmation. Lomas filed its motion requesting dismissal of the petition or relief from the stay on July 25—almost two months prior to the confirmation of the plan. Lomas cannot be faulted for the fact that the court decided to confirm the Hamiltons' plan before ruling on Lomas' motion. Accordingly, the Hamiltons have failed to persuade this court that the bankruptcy court erred in modifying the stay after it confirmed the plan.

The Hamiltons' final argument is that the bankruptcy court erred by denying their motion requesting reconsideration of the court's November 10 order and a rehearing on Lomas' motion. Since the grounds asserted in the Hamiltons' motion for reconsideration are essentially the same grounds on which they base their appeal, this argument is nothing more than a rehash of the Hamiltons' prior arguments which this court has already rejected. Therefore, the court summarily rejects this final argument.

### CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court from which the Hamiltons appeal is affirmed. Lomas' appeal is dismissed as moot.

IT IS SO ORDERED.